Citation Nr: 1114715 
Decision Date: 04/14/11 Archive Date: 04/21/11

DOCKET NO. 08-00 944 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUE

Entitlement to a higher initial disability rating for posttraumatic stress disorder (PTSD), rated as 30 percent disabling from June 1, 2005, through August 2, 2009, and 50 percent disabling as of August 3, 2009. 


REPRESENTATION

Appellant represented by: Wade R. Bosley, Attorney


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

Stephanie L. Caucutt, Associate Counsel
INTRODUCTION

The Veteran served on active duty from March 1970 to January 1972.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a September 2006 rating determination of a Regional Office (RO) of the Department of Veterans Affairs (VA) in Indianapolis, Indiana.

In January 2009, the Board denied entitlement to an initial rating in excess of 30 percent for PTSD. The Veteran subsequently appealed to the Court of Appeals for Veterans Claims (Court). In a June 2009 Joint Motion for Remand, the parties (the Secretary of VA and the Veteran) determined that a remand was warranted and, by a June 2009 Order, the Court granted the Joint Motion for Remand, vacated the January 2009 Board decision, and remanded the matter for readjudication. Thereafter, in December 2009, the Board remanded this appeal for further evidentiary and procedural development. As discussed below, this development was accomplished and the Board may now proceed with a decision on the merits. See Stegall v. West, 11 Vet. App. 268 (1998) (holding that a remand confers on the claimant, as a matter of law, the right to compliance with the remand order).

The Veteran testified before the undersigned Veterans Law Judge at a videoconference hearing held in November 2008; a transcript of that hearing is associated with the claims folder.


FINDING OF FACT

The competent and probative evidence dated throughout this appeal demonstrates that the Veteran's PTSD is characterized by occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, manifested by symptoms such as depressed mood, flashbacks, feelings of anger and anxiety, impaired judgment and impulse control, chronic sleep impairment, difficulty adapting to stressful circumstances, suicidal ideation, and occasional neglect of personal appearance and hygiene. 


CONCLUSION OF LAW

The criteria for an initial disability rating of 70 percent for PTSD have been met for the entirety of the appeal. 38 U.S.C.A. §§ 1155, 5107(b) (West 2002); AB v. Brown, 6 Vet. App. 35, 38 (1993); 38 C.F.R. §§ 4.3, 4.7, 4.130, Diagnostic Code 9411 (2010).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA's Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2010). In this case, the Veteran's attorney representative expressly stated that the Veteran's appeal would be satisfied by an award of a 70 percent disability rating for the entirety of the appeal. See Attorney Letter dated January 11, 2010. As this is what the Board is awarding, the full benefit sought on appeal has been granted. See AB v. Brown, 6 Vet. App. 35, 39 (1993); Hamilton v. Brown, 4 Vet. App. 528, 544 (1993). Accordingly, assuming, without deciding, that any error was committed with respect to either the duty to notify or the duty to assist, such error was harmless and will not be further discussed. 

Compliance with Prior Board Remand(s)

As noted in the Introduction, the Board previously remanded this appeal in December 2009. The purpose of this remand was to obtain an updated VA psychiatric examination. This was accomplished in April 2010 and, as discussed in more detail below, the findings of this examination are adequate upon which to make a determination. In sum, it appears that there was substantial compliance with the December 2009 remand directives and that the Board may continue with a decision on the merits at this time. See Stegall v. West, 11 Vet. App. 268, 271 (1998); see also D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Dyment v. West, 13 Vet. App. 141, 146-47 (1999). 

Legal Criteria and Analysis

The Veteran was awarded service-connected compensation benefits for PTSD by RO rating decision dated in September 2006; an initial disability rating of 30 percent was assigned effective June 1, 2005, the date of receipt of his informal claim for compensation. The Veteran notified the RO of his disagreement with the initial disability rating assigned and perfected an appeal as to this issue. Following a December 2009 remand by the Board, the RO increased the assigned rating from 30 percent to 50 percent, effective August 3, 2009. As previously noted, the Veteran contends that he is entitled to a 70 percent rating for the entirety of the appeal. Thus, the initial ratings assigned remain on appeal and are before the Board for appellate review. See AB, 6 Vet. App. at 39; Hamilton, 4 Vet. App. at 544.

In accordance with 38 C.F.R. §§ 4.1, 4.2 (2010) and Schafrath v. Derwinski, 1 Vet. App. 589 (1991), the Board has reviewed the service treatment records and all other evidence of record pertaining to the history of the Veteran's service-connected PTSD. It has found nothing in the historical record that would lead to the conclusion that the current evidence of record is not adequate for rating purposes. Additionally, this case presents no evidentiary considerations, except as noted below, that would warrant an exposition of the remote clinical history and findings pertaining to the disability at issue.

By way of background, disability evaluations are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (hereinafter "Rating Schedule"), found in 38 C.F.R. Part 4. The Board attempts to determine the extent to which a veteran's service-connected disability adversely affects his ability to function under the ordinary conditions of daily life, and the assigned rating is based, as far as practicable, upon the average impairment of earning capacity in civil occupations. 38 U.S.C.A. § 1155 (West 2002); 38 C.F.R. §§ 4.1, 4.10 (2010). Generally, the Board has been directed to consider only those factors contained wholly in the rating criteria. See Massey v. Brown, 7 Vet. App. 204, 208 (1994); but see Mauerhan v. Principi, 16 Vet. App. 436, 442-43 (2002) (finding it appropriate to consider factors outside the specific rating criteria in determining the level of occupational and social impairment). 

If, when a evaluating a disability, there is a question as to which of two evaluations shall be applied, pertinent VA law provides that the higher evaluation will be assigned if the disability more closely approximates the criteria required for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7 (2010). Further, when, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability, such doubt will be resolved in favor of a veteran. 38 U.S.C.A. § 5107 (West 2002); 38 C.F.R. § 4.3 (2010).

As an initial matter, the Board observes that the Veteran's treatment records and examination reports reflect that he has been diagnosed with a number of Axis I psychiatric disorders in addition to PTSD, including alcohol dependence and major depressive disorder. When a veteran has both service-connected and nonservice-connected disabilities, the Board must attempt to discern the effects of each disability and, where such distinction is not possible, attribute such effects to the service-connected disability. Mittleider v. West, 11 Vet. App. 181, 182 (1998). In the present case, a September 2009 private psychological assessment indicates that the Veteran's non-PTSD diagnoses are secondarily related to his PTSD and should therefore be considered in any evaluation of this disability. Regardless of whether a causal relationship exists between the Veteran's alcohol dependence or major depressive disorder and PTSD, the remaining evidence of record, including the August 2006 and April 2010 VA examination reports, indicates that it would be impossible to separate the effects of PTSD from the other two diagnoses as all of these disabilities interact and exacerbate each other. As such, the disability rating assigned will reflect consideration of the Veteran's entire psychological disability picture, to include any symptomatology associated with alcohol dependence and major depressive disorder. See Mittleider, 11 Vet. App. at 182; 38 U.S.C.A. § 5107; 38 C.F.R. § 4.3.

As noted above, the issue before the Board is entitlement to a higher initial disability rating for PTSD, rated 30 percent disabling from June 1, 2005, through August 2, 2009, and 50 percent disabling as of August 3, 2009. PTSD is evaluated pursuant to 38 C.F.R. § 4.130, Diagnostic Code 9411. Under this diagnostic code, a 30 percent disability rating is warranted when there is occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, mild memory loss (such as forgetting names, directions, recent events). 38 C.F.R. § 4.130, Diagnostic Code 9411 (2010).

A 50 percent disability rating is warranted when there is occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short- and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships. Id. 

A 70 percent disability rating is warranted when there is occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately, and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or worklike setting); inability to establish and maintain effective relationships. Id.

The Board has reviewed the medical and lay evidence of record dated throughout this appeal and concludes that a 70 percent initial rating is supported by evidence dated throughout this appeal. As previously noted, the Veteran indicated via his attorney representative that a 70 percent rating will satisfy his appeal. Thus, the Board need not consider whether he meets the schedular criteria for a 100 percent disability rating. See AB, 6 Vet. App. at 39; Hamilton, 4 Vet. App. at 544. Moreover, since the Board is granting a 70 percent initial rating for the entirety of this appeal, no discussion of whether staged ratings are appropriate is necessary. See Fenderson v. West, 12 Vet. App. 119, 126 (1999); see also Hart v. Mansfield, 21 Vet. App. 505 (2007). 

The evidence for consideration in the present appeal consists of reports of VA examinations conducted in August 2006 and April 2010, a September 2009 private psychological assessment, various VA mental health records, and lay statements and testimony submitted by the Veteran and his family. Relevant to the criteria for a 70 percent disability rating, such evidence clearly demonstrates that the Veteran's service-connected PTSD has been characterized throughout this appeal by symptomatology which suggests moderate to severe social and occupational impairment. For example, lay statements submitted by the Veteran's brothers, daughter, and (ex-)wife in April 2006 and November 2008 reflect that the Veteran spends most of his time alone in his garage. This social isolation appears to be, in part, a way for the Veteran to prevent outbursts of anger and violence. Statements dated throughout the record indicate that the Veteran is especially prone to outbursts when things do not go his way or someone disagrees with him. His brothers stated have observed him throwing objects such as hammers when upset, and his (ex-)wife reported that he was thrown out of a McDonald's for being "unruly." An August 2009 VA psychology assessment noted him to be a "low to moderate" risk to others. The Veteran himself has noted on multiple occasions that he experiences "road rage" while driving his truck and has had altercations with his co-workers and the police. 

The above evidence clearly shows that the Veteran's PTSD is characterized by impaired impulse control, a symptom associated with a 70 percent rating. It also demonstrates, in the Board's opinion, that he is unable to establish and maintain effective relationships. The reality is that the Veteran's occupation as a truck driver is an isolative one. Therefore, his only real opportunity to establish relationships is when he is not on the road. However, family members have indicated that he spends most of his time alone in his garage, even when other family members are around. Additionally, the Board finds it notable that the Veteran's second marriage ended during this appeal, and that when he did attempt another romantic relationship, he reportedly ended it for no reason other than discomfort with being in a relationship. Also indicative of the Veteran's severe social impairment is the fact that he reports having such good relationships with his adult daughters and siblings, but simultaneously reports not spending much time with any of them. 

In addition to the above symptomatology, the Veteran has experienced ongoing suicidal ideation throughout this appeal with two attempts on his life in 2009. There is also evidence of anxiety and depression, the former being manifested by occasional psychomotor activity and panic attacks which include shortness of breath, sweating and chest pain. The latter, depression, is manifested by occasional crying spells in which the Veteran has to pull off to the side of the road. It is not entirely clear the level of dysfunction caused by the Veteran's anxiety and depression, but the Veteran's brother indicated in an April 2006 statement that the Veteran is unable to handle stress, and that he generally walks away from a situation rather than deal with it. Such behavior is definitely indicative of a more severe disability picture which has the potential to affect both social and occupational functioning. 

Finally, there is some indication in the record that the Veteran occasionally exhibits symptoms contemplated by a 70 percent disability rating such as disorientation and neglect for his personal appearance and hygiene. The Board acknowledges that the Veteran was oriented, alert, and well-groomed for appointments and examinations. However, family members have noted that he will occasionally appear to be staring out into space and that he will not make an effort to maintain his appearance. 

Generally, a higher rating will not be awarded on the basis of social impairment alone. 38 C.F.R. § 4.126(b) (2010). Here, it appears that the Veteran's PTSD and associated symptoms predominantly impacts his social functioning. In this regard, he spends most of his time alone with little contact outside his immediate family. He reports feelings of worthlessness and hopelessness, experiences flashbacks, and exhibits hypervigilance, but still manages to hold full time employment. In fact, both the August 2006 and April 2010 VA examination reports reflect that the Veteran reported missing no time at his job as a result of PTSD. While a lack of time lost on the job would seem to preponderate against a higher rating, the Board notes that the Veteran testified in November 2008 that he has worked for twelve different employers in twelve years. He also indicated that he has experienced conflicts with other drivers at the shop as well as police officers on the road. Thus, it appears that his symptoms have resulted in some occupational impairment and, affording all reasonable doubt in favor of the Veteran, the Board finds that his disability picture more nearly approximates that contemplated by a 70 percent rating. 

In addition to the contemporaneous treatment evidence, examination reports, and lay statements of record, the medical evidence contains a number of Global Assessment of Functioning (GAF) scores ranging from 50 to 62 throughout this appeal which tend to support the 70 percent rating assigned by the Board. The Diagnostic and Statistical Manual of Mental Disorders contemplates that the GAF scale be used to gauge a person's level of functioning at the time of the evaluation (i.e., the current period). See Carpenter v. Brown, 8 Vet. App. 240, 242 (1995) (GAF scores are a scale reflecting the "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness"). In the instant appeal, the Veteran's GAF scores of 50 to 62 reflect "moderate" to "serious" symptoms and/or difficulty in social or occupational functioning. THE DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS [hereinafter DSM-IV], 46-47 (Am. Psychiatric Ass'n 4th ed.) (1994). 

In sum, the medical, and especially the lay, evidence dated throughout this appeal establishes that the Veteran's PTSD is characterized by symptomatology which results in occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood. A 70 percent disability rating is therefore appropriate. As previously noted, the Veteran has indicated that 70 percent will satisfy his appeal, and no discussion of whether the criteria for a 100 percent schedular rating have been met during this appeal is therefore necessary. See AB v. Brown, 6 Vet. App. 35, 38 (1993). 


ORDER

An initial disability rating of 70 percent for PTSD is granted for the entirety of this appeal. 


____________________________________________
MILO H. HAWLEY 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs