Citation Nr: 1214069 
Decision Date: 04/17/12 Archive Date: 04/27/12

DOCKET NO. 06-31 230 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUE

Entitlement to a disability rating in excess of 20 percent for hypertension. 


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

A. Hinton, Counsel



INTRODUCTION

The Veteran served on active duty from January 1968 to September 1970, including service in Vietnam.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2006 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania, which reduced the evaluation of the Veteran's hypertension from 20 percent to 10 percent disabling, effective May 24, 2005.

In a December 2010 decision, the Board recognized that the Veteran's appeal stemmed from a claim for an increased rating for hypertension. The Board restored the 20 percent disability rate for hypertension, and also remanded the case to the RO for further development regarding the underlying claim for an increased rating in excess of 20 percent for hypertension.


FINDING OF FACT

The preponderance of the competent and credible evidence of record does not show that at any time during the pendency of the appeal the Veteran's hypertension is manifested by diastolic pressure that is predominantly 120 or more. 


CONCLUSION OF LAW

The Veteran does not meet the criteria for a rating in excess of 20 percent for hypertension at any time during the pendency of the appeal. 38 U.S.C.A. §§ 1154(a), 1155, 5107(b) (West 2002); 38 C.F.R. §§ 3.102, 4.104, Diagnostic Code 7101 (2011). 



REASONS AND BASES FOR FINDING AND CONCLUSIONS

I. Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA), codified in part at 38 U.S.C.A. §§ 5103, 5103A, and implemented at 38 C.F.R. § 3.159, amended VA's duties to notify and assist a claimant in developing the information and evidence necessary to substantiate a claim. Under 38 U.S.C.A. § 5103, VA must notify the claimant of any information or evidence not of record that is necessary to substantiate the claim and that information or evidence VA will seek to provide, and what parts VA expects the claimant to provide. 38 C.F.R. § 3.159(b). 

VA must provide such notice to a claimant prior to an initial unfavorable decision on a claim for VA benefits by the agency of original jurisdiction (AOJ), even if the adjudication occurred prior to the enactment of the VCAA. See Pelegrini v. Principi, 18 Vet. App. 112, 119-120 (2004). VCAA requirements of 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) apply to all elements of a claim for service connection, so that VA must provide notice that a disability rating and an effective date will be assigned if service connection is awarded. Dingess v. Nicholson, 19 Vet. App. 473 (2006); aff'd sub nom. Hartman v. Nicholson, 483 F.3d 1311 (2007).

Though notification to the Veteran may not have met all of the requirements of the VCAA and related case law, the matter decided below may be addressed at this time, without further remand, because no errors in notice are prejudicial, and the Veteran has been provided all information needed for a reasonable person to prove the claim. In any event, the United States Court of Appeals for the Federal Circuit (Federal Circuit) vacated the previous decision of the United States Court of Appeals for Veterans Claims (Court) in Vazquez-Flores v. Peake, 22 Vet. App. 37 (2008), concluding that generic notice in response to a claim for an increased rating is all that is required. See Vazquez-Flores v. Shinseki, 580 F.3d 1270, 1277 (2009). 

The VCAA duty to notify was satisfied by way of letters sent to the appellant between November 2004 and August 2011, which in combination fully addressed the notice elements. The RO informed the Veteran of the specific criteria to substantiate his claim for an increase in the rating for his service-connected hypertension. These letters informed the appellant of what evidence was required to substantiate the claim and of the appellant's and VA's respective duties for obtaining evidence. The RO has also provided adequate notice of how effective dates are assigned and the claim was readjudicated most recently in a December 2011 supplemental statement of the case. 

VA has a duty to assist the Veteran in the development of the claim. This duty includes assisting the Veteran in the procurement of service medical records and pertinent treatment records and providing an examination when necessary. 38 U.S.C.A. § 5103A (West 2002); 38 C.F.R. § 3.159 (2011). The Board finds that all necessary development has been accomplished and the Board will proceed with appellate review. See Bernard v. Brown, 4 Vet. App. 384 (1993). The RO has obtained VA treatment records. The Board notes that the Veteran was afforded VA examinations regarding his rating claim. VA examined the medical history of the claimed condition for compensation purposes addressing the rating claim. Findings from the examination reports are adequate for the purposes of deciding the claim on appeal. See Stefl v. Nicholson, 21 Vet. App. 120, 124 (2007). 

Significantly, the appellant has not identified, and the record does not otherwise indicate, any additional existing evidence that is necessary for a fair adjudication of the claim that has not been obtained. Hence, no further notice or assistance to the appellant is required to fulfill VA's duty to assist the appellant in the development of the claim. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); see also Quartuccio v. Principi, 16 Vet. App. 183 (2002).

II. Merits of the Claim

Disability evaluations are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities (Rating Schedule), which are based on average impairment in earning capacity. 38 U.S.C.A. § 1155 (West 2002). Evaluations of a service-connected disability require review of the entire medical history regarding the disability. 38 C.F.R. §§ 4.1, 4.2. If there is a question that arises as to which evaluation to apply, the higher evaluation is for application if the disability more closely approximates the criteria for that rating; otherwise, the lower rating is for assignment. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the Veteran. 38 C.F.R. § 4.3. In order to evaluate the level of disability and any changes in condition, it is necessary to consider the complete medical history of the Veteran's condition. Schafrath v. Derwinski, 1 Vet. App. 589, 594 (1991). 

On evaluating the condition of a service-connected disability, if it is not possible to separate the effects of a service-connected condition from that of a nonservice-connected condition, then 38 C.F.R. § 3.102 requires that reasonable doubt be resolved in the Veteran's favor; that is, any such ambiguity as to the origin of such signs and symptoms shall be attributed to the service-connected disability. Mittleider v. West, 11 Vet. App. 181, 182 (1998). Thus, if any symptoms cannot be distinguished as between service-connected and nonservice-connected symptomatology, the Board will consider both as service-connected disability. Id.

If a Veteran appeals a rating decision seeking an increased rating for a disability for which service connection has already been established, such as here, then the primary concern is the present level of disability. See Francisco v. Brown, 7 Vet. App. 55 (1994). More recently the Court has held that even in a claim for an increase in the level of an already service-connected disability, a claimant may experience multiple distinct degrees of disability that might result in different levels of compensation from the time the increased rating claim was filed until a final decision is made. Hart v. Mansfield, 21 Vet. App. 505 (2007). Thus in deciding the claim below, the Board has considered whether different ratings may be warranted for different time periods based on the evidence of record. 

VA regulations require that disability evaluations be based upon the most complete evaluation of the condition that can be feasibly constructed with interpretation of examination reports, in light of the whole history, so as to reflect all elements of the disability. Medical as well as industrial history is to be considered, and a full description of the effects of the disability upon ordinary activity is also required. 38 C.F.R. §§ 4.1, 4.2, 4.10 (2011). 

The Veteran's statements describing the symptoms of his service-connected disability are deemed competent evidence. 38 C.F.R. § 3.159(a)(2) (2011). However, these statements must be considered with the clinical evidence of record and in conjunction with the pertinent rating criteria. 

The Veteran's hypertension is currently evaluated as 20 percent disabling under 38 C.F.R. § 4.104, Diagnostic Code 7101. Hypertensive vascular disease (hypertension and isolated systolic hypertension) is evaluated as follows: a 20 percent evaluation is assigned for hypertensive vascular disease with diastolic pressure predominantly 110 or more, or; systolic pressure predominantly 200 or more. 38 C.F.R. § 4.104, Diagnostic Code 7101. Hypertensive vascular disease with diastolic pressure predominantly 120 or more is rated 40 percent disabling. Id. Hypertensive vascular disease with diastolic pressure predominantly 130 or more is rated 60 percent disabling. Id. 

As discussed below, review of the Veteran's post service treatment records since 2004 do not reveal any diastolic pressure readings of 120 or above. 

VA treatment records in November 2004 record a blood pressure reading for the Veteran as 118/78.

In December 2004 the Veteran was afforded a VA C&P examination of his diabetes mellitus. During examination, the Veteran's blood pressure was recorded as 122/74.

In May 2005 the Veteran was afforded a VA C&P examination. During examination, the Veteran's blood pressure was recorded as 134/84, 140/84, 160/90, and 150/90. The report contains a diagnosis of essential hypertension, under control.

In December 2008 the Veteran was afforded a VA C&P examination. During examination, the Veteran's blood pressure was recorded as 180/88, 170/88, and 172/88. The report contains a diagnosis of hypertension, oral agent, uncontrolled; not related to diagnosed diabetes.

In May 2010 the Veteran was afforded a VA C&P examination. During examination, the Veteran's blood pressure was recorded as 160/80, 150/70, and 150/70. The report contains a diagnosis of hypertension.

In January 2011 the Veteran was afforded a VA C&P examination. During examination, the Veteran's blood pressure was recorded as 110/70, 110/74, 108/70. As reflected in the report of that examination, the Veteran does not report any symptoms such as headaches, lightheadedness, or nosebleeds. He is treated with medications and is not reporting any side-effects, and he is showing good effectiveness in treatment of his hypertension. 

Various private and VA treatment records dated since 2004 contain blood pressure readings. None of these records include any diastolic pressure readings of 120 or more. 

In sum, entitlement to an evaluation in excess of 20 percent for hypertension is not warranted based on the evidence on file. Although the Veteran has been continuously diagnosed with hypertension and treated with medication during the period on appeal, at no point during the period on appeal have the Veteran's diastolic pressure readings been predominantly 110 or more, let alone predominantly 120 or more. As such, entitlement to an evaluation in excess of 20 percent disabling for hypertension is not warranted and must be denied.

In exceptional cases an extraschedular rating may be provided. 38 C.F.R. § 3.321. The Court has set out a three-part test, based on the language of 38 C.F.R. § 3.321(b)(1), for determining whether a Veteran is entitled to an extra-schedular rating: (1) the established schedular criteria must be inadequate to describe the severity and symptoms of the claimant's disability; (2) the case must present other indicia of an exceptional or unusual disability picture, such as marked interference with employment or frequent periods of hospitalization; and (3) the award of an extra-schedular disability rating must be in the interest of justice. Thun v. Peake, 22 Vet. App. 111 (2008), aff'd, Thun v. Shinseki, 572 F.3d 1366 (Fed. Cir. 2009). 

The Board finds that the rating criteria contemplate the Veteran's hypertension claim decided here. The Veteran has not described any unusual or exceptional features associated with his hypertension disability. The rating criteria are therefore adequate to evaluate the disability, and referral for consideration of extraschedular rating is not warranted. Thus there is no basis for any further increase in rating, and the preponderance of the evidence is against the grant of a disability rating in excess of 20 percent. 

Finally, although a total rating for compensation purposes based on individual unemployability (TDIU) may be a part of a claim for an increased rating, the Veteran does not contend and the evidence does not suggest that he is unemployable due to his hypertension so TDIU consideration is not appropriate here. Cf. Buie v. Shinseki, 24 Vet. App. 242 (2011); Bradley v. Peake, 22 Vet. App. 280 (2008). 


ORDER

A rating in excess of 20 percent for service-connected hypertension is denied.



____________________________________________
STEVEN D. REISS
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs