Citation Nr: 1434266 
Decision Date: 07/31/14 Archive Date: 08/04/14

DOCKET NO. 08-07 030 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Indianapolis, Indiana


THE ISSUES

1. Entitlement to service connection for a low back disorder.

2. Entitlement to service connection for bilateral leg pain, to include as secondary to a low back disorder.

3. Entitlement to service connection for hypertension, to include as secondary to pain associated with back and knee disorders.


REPRESENTATION

Appellant represented by: The American Legion


ATTORNEY FOR THE BOARD

M.H. Stubbs, Counsel



INTRODUCTION

The appellant served on active duty from March 1976 to June 1976. He also had additional periods of active duty for training (ACDUTRA) and inactive duty for training (INACDUTRA) in the Indiana Army National Guard.

This matter comes to the Board of Veterans' Appeals (Board) from a March 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Augusta, Maine. Jurisdiction over the appellant's claims was later transferred to the Indianapolis, Indiana RO. 

The appellant initially requested a Board hearing on his substantive appeal VA Form 9. However, he then submitted a written statement requesting a formal RO hearing in lieu of a Board hearing. He was afforded a hearing before a Decision Review Officer in April 2009. A transcript of the testimony offered at this hearing has been associated with the record.

This appeal was previously before the Board in December 2013. The Board remanded the claim so additional records could be obtained, if possible. The case has been returned to the Board for further appellate consideration.

The issue(s) of entitlement to service connection for a psychiatric disorder (sleep disturbance), a cardiac disorder, and hearing loss have been raised by the record, but have not been adjudicated by the Agency of Original Jurisdiction (AOJ). Therefore, the Board does not have jurisdiction over them, and they are referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2013). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

Unfortunately, a remand is required in regards to the appellant's increased rating claims. Although the Board sincerely regrets the additional delay, it is necessary to ensure that there is a complete record upon which to decide the appellant's claims so that he is afforded every possible consideration. Such development would ensure that his due process rights, including those associated with 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, and 38 C.F.R. §§ 3.102, 3.156(a), 3.159, and 3.326, are met.

The Board previously remanded these claims so that additional records could be obtained. The appellant has reported he underwent spine surgery in 1998. Records show that he underwent surgery in 2000. Service medical records also note that he underwent spine surgery for a work-related injury in 1980 or 1981. The claims file does not contain treatment records regarding the appellant's spine surgery. The appellant was requested to provide additional releases for treatment records not contained in the claims file in February 2012; however, the record also indicates that the appellant is illiterate.

As such, in the December 2013 remand the Board requested that the appellant be contacted by telephone and in writing for an additional request. Virtual records reveal that the Appeals Management Center attempted to contact the appellant by telephone in May 2014, but his phone had been disconnected. Additionally, a Supplemental Statement of the Case (SSOC) from May 2014 was undeliverable. Additional releases and private treatment records have not been obtained. However, the appellant was scheduled for, and appeared for, a January 2014 VA examination. As the VAMC was able to contact the appellant as recently as January 2014, as the record demonstrates three various address on documents mailed to the Veteran over the last two years, and in light of inconsistences such as the address on the SSOC not matching the address on that same envelope, the Board is unable to say that the request for releases was sent to the last known address of record, as required by regulations. Therefore, the AMC must clearly identify which address was the last known for the Veteran, with an explanation as to the basis of that determination, and ensure that an attempt has been made to contact the appellant to request treatment releases via the mail and telephone at that address. 

Additionally, the appellant was afforded a VA spine examination in January 2014 where the examiner provided the following opinion: 

Therefore, the claimed condition of persistent back pain, degenerative joint disease , lumbar disc herniation or radiculopathy as a result of this condition is less likely as not (less than 50% probability) caused by or a result of his injury in service including the August 1981 jeep accident or the fall during a storm in 1993. I believe the majority of patient's residual back problems stem from his work injury in 1998 when he was out of the military service.

The examiner's statement that the "majority" of the appellant's back problems stem from his work injury can be taken to imply that some portion of his "back problems" actually do stem from his military service. VA is precluded from differentiating between symptomatology attributed to a nonservice-connected disability and a service-connected disability in the absence of medical evidence that does so. In Mittleider v. West, 11 Vet. App. 181 (1998), the Court found that when it is not possible to separate the effects of the service-connected disability from a nonservice-connected condition, 38 C.F.R. § 3.102, which requires that reasonable doubt on any issue be resolved in a veteran's favor, dictates that such signs and symptoms be attributed to the service-connected disability. On remand, the January 2014 examiner should clarify if some portion of the Veteran's current disability is at least as likely as not related to service.

The appellant's claims of bilateral leg pain and hypertension are claimed as secondary to his low back disorder, and are thus inextricably intertwined with the low back disorder. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (two issues are "inextricably intertwined" when they are so closely tied together that a final Board decision on one issue cannot be rendered until the other issue has been considered).


Accordingly, the case is REMANDED for the following action:

1. Take appropriate steps to clarify the Veteran's last known address. The virtual record indicates that the appellant was contacted for his January 2014 VA examination. The AMC should ensure that all avenues to contact the appellant have been exhausted, to include contacting the VAMC, RO, and the appellant's representative. After the most recent address has been clarified, and such clarification has been documented in the record, attempt to contact the appellant via telephone and in writing to provide him with the opportunity to identify or submit any additional pertinent evidence in support of his claim of entitlement to service connection for a low back disorder, bilateral leg disorders secondary to his back disorder, or hypertension. Particularly, any treatment records for any spinal surgeries he has undergone and any treatment records prior to 2003. Based on the appellant's response, the RO/AMC must attempt to procure copies of all records that have not been previously obtained from identified treatment sources. The appellant's representative should also be contacted to assist in locating records, or obtaining release forms, as the record reveals the appellant is illiterate.

2. Return the claim to the January 2014 VA spine examiner, if available, for an addendum opinion. The examiner should review the January 2014 opinion, and specifically note the sentence "I believe the majority of patient's residual back problems stem from his work injury in 1998 when he was out of the military service." The Board understands this sentence to mean that some portion of the appellant's residual back problems stem from his service.

VA is precluded from differentiating between symptomatology attributed to a nonservice-connected disability and a service-connected disability in the absence of medical evidence that does so. Thus, the examiner is requested to distinguish, if possible, the symptoms created by the post-service lumbar spine injury from the symptoms created from the in-service injuries (if any).

Complete rationale should be given for all opinions reached.

3. After the above is complete, readjudicate the appellant's claim. If the claims remain denied, issue a supplemental statement of the case (SSOC) to the appellant and his representative, and they should be given an opportunity to respond, before the case is returned to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate 

action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).