Citation Nr: 1448537 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 09-08 406 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to a rating higher than 40 percent for degenerative disc disease (DDD) of the lumbar spine at L2-3 and L4-5 (lumbar spine or low back disability).


REPRESENTATION

Veteran represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

L. J. N. Driever

INTRODUCTION

The Veteran served on active duty from November 1988 to November 1992 and from July 1994 to April 1996.

This appeal to the Board of Veterans' Appeals (Board/BVA) is from an August 2007 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO).

The Veteran testified in support of his claim during a June 2012 videoconference hearing before the undersigned Veterans Law Judge (VLJ) of the Board. In September 2012, the Board remanded this claim to the RO via the Appeals Management Center (AMC) in Washington, DC, for further development and consideration since the Agency of Original Jurisdiction (AOJ).

In May 2013, after receiving the case back, the Board denied the claim.

The Veteran appealed the Board's decision denying this claim to the U.S. Court of Appeals for Veterans Claims (Court/CAVC). In November 2013, in granting a Joint Motion for Remand (JMR), the Court vacated (set aside) the Board's decision denying this claim and remanded it to the Board for action consistent with the terms of the JMR. According to the JMR, the Board was directed to obtain clarification of the October 2012 VA compensation examination, including especially explanation of which of the Veteran's symptoms are attributable to his 
service-connected lumbar spine disability versus those instead attributable to other, nonservice-connected disabilities. See Mittleider v. West, 11 Vet. App. 181, 182 (1998).

In April 2014, the Board in turn remanded this claim to the AOJ via the AMC to obtain this necessary additional information. Unfortunately, however, the Board has to again remand this claim because not all of the requested information was provided.

As noted in the Board's May 2013 decision and April 2014 remand, the Veteran has raised the additional question of whether there is new and material evidence to warrant reopening his previously-denied claim for service connection for a cervical spine disorder, including as secondary to his low back disability. Despite the Board's identification of this raised claim and the fact that, at the time of the remand, there was no concurrently pending appeal to the Court, the AOJ has not taken any action in response. As such, the Board has no jurisdiction over the raised claim and, with greater urgency, is again referring it to the AOJ for appropriate development and consideration. Godfrey v. Brown, 7 Vet. App. 398 (1995) (the Board generally does not have jurisdiction over an issue not yet adjudicated by the RO). 


REMAND

As for the claim at issue concerning the rating for the Veteran's low back disability, the Board sincerely regrets the additional delay that invariably will result from this additional remand, but it is necessary to ensure the record is complete so the Veteran is afforded every possible consideration. 

As the parties to this appeal pointed out in their JMR, there is some question regarding whether some of the Veteran's symptoms are attributable, even in part, to his service-connected lumbar spine disability, rather than to other disabilities that conversely are not service connected.

The Board endeavored to clarify this matter in April 2014 by remanding this claim to the AOJ for the purpose of affording the Veteran another VA compensation examination. To this end, the VA examiner was to provide an opinion on this matter. His examination report, however, is inadequate to decide this claim. See Stegall v. West, 11 Vet. App. 268, 271 (1998) (substantial compliance with remand directives required); D'Aries v. Peake, 22 Vet. App. 97, 104 (2008) (examination adequate when based on consideration of claimant's medical history and describes disability in sufficient detail so Board's evaluation of disability is fully informed). 

The examiner's opinion is internally inconsistent and not supported by rationale. He notes that the Veteran has both lumbar spine and cervical spine abnormalities confirmed on testing, also tenderness in the thoracic spine and gluteus, muscle spasms, and neurological abnormalities associated with his thoracolumbar disability, including a positive Hoffman of the upper extremities, increased tone of the upper extremities and left lower extremity, and 3 beats clonus, lower extremities, toes going down. Citing no medical evidence or authority and providing no explanation, he then concludes that the Veteran's lower extremity complaints are due to his nonservice-connected cervical spine disability, rather than his service-connected lumbar spine disability. This error is crucial because, since service, when testing revealed lumbar spine and cervical spine abnormalities, the Veteran has reported and doctors have noted spasms and symptoms in the extremities. And during the January 2010 and October 2012 VA examinations the VA examiner linked some, albeit not all, of the weakness and spasms in the lower extremities to the Veteran's cervical spine and found the need for assistance devices "mainly", not completely, due to the nonservice-connected cervical spine disability. 

Accordingly, this claim is REMANDED for the following additional development and consideration: 

1. Return the claims file to the VA examiner who evaluated the Veteran's back and neck most recently in April 2014 for an addendum opinion discussing whether some of the Veteran's extremity symptoms are attributable, even in part, to his service-connected lumbar spine disability, rather than to other disabilities that are not presently service connected, including the cervical spine disability.


Request the examiner do the following prior to expressing any opinion:

a. Review the claims file, including, for historical purposes, the service treatment records (STRs) showing lumbar and cervical spine abnormalities and symptoms reportedly affecting the extremities; 

b. Indicate in writing in the report that the review included this pertinent information; 

c. Distinguish all symptoms and abnormalities of the service-connected lumbar spine disability, including those affecting any extremity, from those of the nonservice-connected cervical spine or other disability; 

d. Identify any symptoms and abnormalities, including those affecting any extremity, due to both the service-connected lumbar spine disability and nonservice-connected cervical spine disability; 

e. Provide detailed rationale with references to the record for all opinions expressed; and 

f. If an opinion cannot be expressed without resorting to mere speculation, indicate in writing in the record why such is the case and what evidence is needed to aid in providing such an opinion. 

If, for whatever reason, it is not possible to have this same VA examiner provide this further comment (supplemental/addendum opinion), then have someone else do it who has the necessary qualifications and expertise. In this eventuality, this may require having the Veteran reexamined, but this is left to the designee's discretion.

2. Review the addendum opinion to ensure it includes all requested information, particularly rationale, and, if not, return it to the examiner for correction or all necessary additional information or explanation. 38 C.F.R. § 4.2.

3. Then readjudicate this claim in light of this and all other additional evidence in the Veteran's electronic file (Virtual VA and VBMS). If this claim continues to be denied, send him and his representative another supplemental statement of the case (SSOC) and give them time to submit additional evidence and/or argument in response before returning the file to the Board for further appellate consideration of this claim. 


The Veteran has the right to submit additional evidence and argument concerning this remanded claim. Kutscherousky v. West, 12 Vet. App. 369 (1999). This claim must be afforded expeditious treatment. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
KEITH W. ALLEN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the Court. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).