Danny L. MITTLEIDER, Appellant,

v.

Togo D. WEST, Jr., Secretary Of
Veterans Affairs, Appellee.

No. 96–1671.

United States Court of Veterans Appeals.

May 8, 1998.

Before KRAMER, FARLEY, and IVERS,
Judges.

**ORDER**

PER CURIAM:

This is an appeal from an August 30, 1996, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to an increased rating for post-traumatic stress disorder (PTSD), currently evaluated as 50% disabling. The appellant contends that the Board's decision should be reversed. The Secretary has filed a motion to vacate the Board decision and remand the matter to the Board for readjudication. This appeal is timely and the Court has jurisdiction pursuant to 38 U.S.C. § 7252(a). For the reasons that follow, the Court will vacate the decision of the BVA and remand the appellant's PTSD claim.

The appellant, Danny Mittleider, served on active duty in the U.S. Marine Corps from August 1967 to September 1969 with service in Vietnam. Record (R.) at 17. As a result of his service, he received a National Defense Service Medal, a Vietnam Service Medal, a Vietnam Campaign Medal with device, and a Combat Action Ribbon. *Id.* In December 1990, the VA regional office (RO) granted service connection for PTSD and assigned a 30% disability rating. *See* R. at 113. In November 1994, the rating was increased to 50% effective July 2, 1990, the date of his original claim. R. at 252–53. The appellant appealed the RO's decision and in August 1995, the Board remanded the claim to the RO to allow the RO to obtain additional VA treatment records that had not been associated with the appellant's claims file. R. at 369–72. Additional evidence was then added to the appellant's claims file.

In the decision on appeal, the Board found that the "veteran's PTSD is currently manifested by subjective complaints of recurrent distressing dreams about Vietnam, daily thoughts about Vietnam, the inability or unwillingness to form relationships with others, social isolation, hypervigilance, and depression. He also reports feelings of anger, frustration, loneliness[,] and isolation." R. at 3. The Board also determined that the "veteran's PTSD is productive of considerable, but not severe impairment of social and industrial adaptability." R. at 3. As a result, the Board concluded that the "criteria for a rating in excess of 50 percent for PTSD have not been met." R. at 4. This appeal ensued.

The BVA is required to provide "a written statement of [its] findings and conclusions, and the reasons or bases for those findings and conclusions, on all material issues of fact and law presented on the record." 38 U.S.C.

§ 7104(d)(2); *see also Spurgeon v. Brown,* 10 Vet.App. 194, 196 (1997); *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990). The need for a statement of reasons or bases is particularly acute when BVA findings and conclusions pertain to the degree of disability resulting from mental disorders. *Mitchem v. Brown,* 9 Vet.App. 138, 140 (1996).

In this case, there is evidence in the record that the appellant's "service-connected disability ... materially contributed to his serious employment handicap." R. at 236. The Board, pursuant to 38 C.F.R. § 4.132, Diagnostic Code (DC) 9411, determined that the veteran's PTSD was productive of only considerable social and industrial adaptability meriting a 50% disability rating. This finding is not supported by an adequate statement of reasons or bases explaining why the appellant's PTSD, which "materially" contributes to a "serious" employment handicap, is productive of only considerable social and industrial adaptability. The Board did not adequately explain why the appellant's disability did not amount to a severe impairment of social and industrial adaptability, which would require the assignment of a 70% disability rating pursuant to DC 9411. *See Hood v. Brown,* 4 Vet.App. 301, 302 (1993) (remanding claim for Board to explain why appellant's symptoms did not fit the criteria for higher rating). As a result, a remand is required. *Id.*

The appellant also has been diagnosed with personality disorders which are not service connected. *See* R. at 383. The appellant points out in his brief that VA, in responding to comments regarding revisions to the schedule of ratings for mental disorders, wrote that "when it is not possible to separate the effects of the [service-connected condition and the non-service-connected condition], VA regulations at 38 C.F.R. § 3.102, which require that reasonable doubt on any issue be resolved in the appellant's favor, clearly dictate that such signs and symptoms be attributed to the service-connected condition." 61 Fed.Reg. 52698 (Oct. 8, 1996). In this case, there is no medical evidence in the record separating the effects of the appellant's service-connected PTSD from his personality disorders. In fact, a VA physician stated, "There is no doubt in my mind from the record about his post-traumatic stress disorder. This is all muddied however by his AXIS II problems [personality disorders] and his drug abuse." R. at 383. Although the Board noted the VA physician's statement in its decision, the Board never discussed whether it considered all of the appellant's various symptoms in assigning a rating for his service-connected PTSD. On remand, the Board should consider the applicability of 38 C.F.R. § 3.102 and VA's own interpretation of the regulations set forth at 61 Fed.Reg. 52698, and provide an adequate statement of reasons or bases for any conclusions made.

Finally, as both parties note in their respective briefs, the regulations pertaining to service connection for mental disorders were revised in October 1996. *See* 61 Fed.Reg. 52700 (Oct. 8, 1996). They now incorporate the criteria set forth in the DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS (4th ed.). "[W]here the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to [the] appellant should ... apply unless Congress provided otherwise or permitted the [Secretary] to do otherwise and the Secretary did so." *Karnas v. Derwinski,* 1 Vet.App. 308, 313 (1991). Thus, a remand is necessary to allow the Board to apply whichever rating criteria are more favorable in determining whether the appellant is entitled to an increased rating.

On consideration of the foregoing, it is

ORDERED that the August 30, 1996, decision of the Board of Veterans' Appeals is VACATED and the matter is REMANDED to the Board for readjudication consistent with this decision. The Board shall proceed expeditiously in accordance with section 302 of the Veterans' Benefits Improvement Act, Pub.L. No. 103–446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims remanded by BVA or Court). *See Drosky v. Brown,* 10

Vet.App. 251, 257 (1997); *Allday v. Brown,* 7 Vet.App. 517, 533–34 (1995).