Citation Nr: 1719093 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 14-11 243 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to special monthly compensation based on the need for aid and attendance or housebound status.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

The Veteran and H.D. 


ATTORNEY FOR THE BOARD

Christine C. Kung, Counsel


INTRODUCTION

The Veteran served on active duty from September 1965 to February 1971.

This matter comes on appeal before the Board of Veterans' Appeals (Board) from a January 2013 rating decision of the Department of Veterans Affairs (VA) Regional Office in Houston, Texas (RO). 

The Veteran provided testimony at an October 2016 Travel Board hearing. The hearing transcript is of record. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2015).


FINDINGS OF FACT

1. The Veteran is not shown to be housebound due to service-connected disabilities.

2. The Veteran is in need of regular aid and attendance of another person. 


CONCLUSIONS OF LAW

1. The criteria for special monthly compensation based on housebound status are not met. 38 U.S.C.A. §§ 1114 (s) (West 2015); 38 C.F.R. § 3.350 (2016). 

2. The criteria for special monthly compensation based on the need for regular aid and attendance are met. 38 U.S.C.A. §§ 1114 (l) (West 2015); 38 C.F.R. § 3.352 (2016).



REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

The Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations impose obligations on VA to provide claimants with notice and assistance. 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107, 5126 (West 2015); 38 C.F.R. §§ 3.102, 3.156(a), 3.326(a) (2016). The RO issued a November 2009 preadjudicatory notice letter addressing the claim for special monthly compensation which met the VCAA notice requirements.

The Board is also satisfied that VA has made reasonable efforts to obtain relevant records and evidence. VA treatment records, a VA examination, Examinations for Housebound Status or Permanent Need for Regular Aid and Attendance completed by the Veteran's VA physician, lay statements and hearing testimony, and nursing charts from Silver Creek Manor have been associated with the record. The Veteran was afforded a VA examination in November 2011 to address the claim for compensation based on housebound status and based on the need for aid and attendance. See 38 C.F.R. § 3.159(c)(4) (2016). When VA undertakes to provide a VA examination or obtain a VA opinion, it must ensure that the examination or opinion is adequate. Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The Board finds that the examination obtained, when considered with other evidence of record, to include examinations completed by his VA physician, hearing testimony from the Veteran and his home caregiver, and more recent records from a private nursing home facility are adequate to address all relevant rating criteria needed for a determination on special monthly compensation. The Veteran and his representative have not identified any outstanding evidence that needs to be obtained. For these reasons, the Board finds that VA has fulfilled the duties to notify and assist the Veteran. 

Special Monthly Compensation Laws and Regulations

The Veteran seeks special monthly compensation based upon the need for regular aid and attendance or for being housebound due to service-connected disabilities. Special monthly compensation is payable to individuals who are permanently bedridden or are so helpless as a result of service-connected disability as to be in need of the regular aid and attendance of another person under the criteria set forth in 38 C.F.R. § 3.352(a), 38 U.S.C.A. § 1114(l) (West 2015); 38 C.F.R. 
§ 3.350(b)(3) (2016). A veteran will be considered in need of regular aid and attendance if he or she: (1) is blind or so nearly blind as to have corrected visual acuity of 5/200 or less, in both eyes, or concentric contraction of the visual field to 5 degrees or less; or (2) is a patient in a nursing home because of mental or physical incapacity; or (3) establishes a factual need for aid and attendance under the criteria set forth in 38 C.F.R. § 3.352 (a). 38 C.F.R. § 3.351 (c).

The following factors will be accorded consideration in determining the need for regular aid and attendance: inability of a claimant to dress or undress himself, or to keep himself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid (this will not include the adjustments of appliances which normal persons would be unable to adjust without aid, such as supports, belts, lacing at the back, etc.); inability of a claimant to feed himself through loss of coordination of upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, either physical or mental, which requires care or assistance on a regular basis to protect the claimant from hazards or dangers incident to his or her daily environment. 38 C.F.R. § 3.352(a) (2016). 

A finding that the Veteran is "bedridden" will provide a proper basis for the determination. Bedridden will be that condition which, through its essential character, actually requires that the Veteran remain in bed. The fact that a Veteran has voluntarily taken to bed or that a physician has prescribed rest in bed for the greater or lesser part of the day to promote convalescence or cure will not suffice. It is not required that all of the disabling conditions enumerated in this paragraph be found to exist before a favorable rating may be made. Id. 

The particular personal functions that the Veteran is unable to perform are considered in connection with the Veteran's condition as a whole. It is only necessary that the evidence establish that the Veteran is so helpless as to need regular aid and attendance, not that there be a constant need. Determinations that a Veteran is so helpless as to be in need of regular aid and attendance will not be based solely upon an opinion that the claimant's condition is such as would require him or her to be in bed. They must be based on the actual requirement of personal assistance from others. Id. 

In Turco v. Brown, 9 Vet. App. 222, 224 (1996), the United States Court of Appeals for Veterans Claims (Court) held that eligibility for special monthly compensation by reason of regular need for aid and attendance requires that at least one of the factors set forth in VA regulation is met. In addition, determinations that the claimant is so helpless as to be in need of regular aid and attendance will not be based solely upon an opinion that the claimant's condition is such as would require him or her to be in bed. They must be based on the actual requirement of personal assistance from others. Id. 

In adjudicating claims for special monthly compensation, VA must consider all of the enumerated factors listed in the regulation and, if at least one of the factors is present, special monthly compensation should be awarded. Prejan v. West, 13 Vet. App. 444, 448 (2000) (citing Turco v. Brown, 9 Vet. App. 222 (1996)). 

Special monthly compensation is alternatively payable for being permanently housebound by reason of a service-connected disability or disabilities. This requirement is met when the Veteran has a single service-connected disability rated at 100 percent and (1) another service-connected disability rated at 60 percent or more, or (2) is permanently housebound by reason of service-connected disability or disabilities. 38 U.S.C.A. § 1114(s); 38 C.F.R. § 3.350(i) (2016). This requirement is met when the veteran is substantially confined as a direct result of service-connected disabilities to his or her dwelling and the immediate premises or, if institutionalized, to the ward or clinical areas, and it is reasonably certain that the disability or disabilities will continue throughout his or her lifetime. Id.

In rendering a decision on appeal the Board must also analyze the credibility and probative value of the evidence, account for the evidence which it finds to be persuasive or unpersuasive, and provide the reasons for its rejection of any material evidence favorable to the claimant. Gabrielson v. Brown, 7 Vet. App. 36, 39-40 (1994); Gilbert v. Derwinski, 1 Vet. App. 49, 57 (1990). Competency of evidence differs from weight and credibility. Competency is a legal concept determining whether testimony may be heard and considered by the trier of fact, while credibility is a factual determination going to the probative value of the evidence to be made after the evidence has been admitted. Rucker v. Brown, 10 Vet. App. 67, 74 (1997); Layno v. Brown, 6 Vet. App. 465, 469 (1994); see also Cartright v. Derwinski, 2 Vet. App. 24, 25 (1991) ("although interest may affect the credibility of testimony, it does not affect competency to testify").

Special Monthly Compensation Analysis

In order to receive special monthly compensation based on being permanently housebound, the Veteran is required to have a single service-connected disability rated at 100 percent, and (1) additional service-connected disability or disabilities independently ratable at 60 percent or more, or (2) he must be permanently housebound by reason of service-connected disability or disabilities. 38 U.S.C.A. 
§ 1114(s); 38 C.F.R. § 3.350(i) (2016). 

The Veteran is currently service-connected for a gunshot wound to the right leg, muscle group XII with incomplete paralysis of the right external popliteal nerve, rated 30 percent disabling; posttraumatic stress disorder, rated 30 percent disabling; residuals of a gunshot wound to the right tibia, status post right total knee arthroplasty, rating 30 percent disabling; cervical spine arthritis, left acromioclavicular joint arthritis, a scar of the right lower extremity, bilateral otitis media, and gastritis, each rated 10 percent disabling; and bilateral hearing loss and osteomyelitis of the left mastoid bone, each rated as noncompensable. He has a combined 80 percent rating and is in receipt of a total disability rating based on individual unemployability. Thus, the Board finds that special monthly compensation is not warranted based on a total plus 60 percent rating under 38 U.S.C.A. § 1114(s). 

After a review of all the evidence, lay and medical, the Board finds that the Veteran is not permanently housebound by reason of service-connected disabilities to warrant special monthly compensation under 38 U.S.C.A. § 1114(s). A November 2011 VA authorized aid and attendance examination and April 2011 and August 2013 Examinations for Housebound Status or Permanent Need for Regular Aid and Attendance, completed by the Veteran's VA physician, show that the Veteran is not permanently housebound. The November 2011 VA authorized examination shows that the Veteran came to the examination alone, that he traveled to the office by car, and shows that he could travel beyond the immediate vicinity of his home. The Veteran described difficulties with balance and dizziness. He required an aid for ambulation such as a cane or a walker. The examiner stated that the Veteran was able to leave the home or immediate premises when accompanied by someone. April 2011 and September 2011 examinations completed by the Veteran's VA physician show that the Veteran was not confined to bed. He left the house for only for medical appointments. He had poor balance, had fall risks, and would ambulate less than one block. He used a wheelchair or scooter for ambulation. The weight of the medical evidence shows that the Veteran needs assistance with ambulation, but does not show that he is permanently housebound by reason of service-connected disabilities as he was able to leave his home or attend appointments when accompanied by another person. While correspondence from Silver Creek Manor shows that the Veteran has been a resident in a 24 hour nursing care facility since at least February 2017, Nursing Charts do not show that he is housebound such that he could not leave the facility when accompanied by someone. 

October 2016 hearing testimony provided by the Veteran and his care giver, H.D., shows that the Veteran needed assistance with all of his daily activities. He used an electric scooter and needed help getting up if he fell. H.D. attended the Veteran daily, and she helped him get to appointments. His condition was reported to have worsened over time, especially after a stroke which occurred a couple of months prior to the time of the hearing. The Veteran reported, however, that he required the use of a scooter prior to his stroke. The Board finds that while the Veteran and H.D. are competent to report limitations to the Veteran's mobility and associated dangers they posed in his environment, these limitations, such as requiring use of a scooter or assistance with driving to appointments, are not equivalent to a finding of "housebound" status which requires that the Veteran be substantially confined as a direct result of service-connected disabilities to his dwelling and the immediate premises. See 38 U.S.C.A. § 1114(s); 38 C.F.R. § 3.350(i) (2016). 

For these reasons, the Board finds the weight of the evidence does not establish that the Veteran is housebound as a result of service-connected disabilities under 38 U.S.C.A. § 1114(s). Accordingly, the Board finds that special monthly compensation is not warranted under the provisions of 38 U.S.C.A. § 1114(s) based on housebound status. Because the preponderance of the evidence is against the appeal for special monthly compensation under 38 U.S.C.A. § 1114(s), the benefit of the doubt doctrine is not for application. See 38 U.S.C.A. § 5107; 38 C.F.R. §§ 4.3, 4.7 (2016). 

The Board will next address issue of whether special monthly compensation is warranted based on the need for regular aid and attendance under the provisions of 38 U.S.C.A. § 1114(l). The Veteran contends that he is in need of regular aid and attendance in dressing and grooming, preparing meals, attending to the wants of nature, taking medications, and to protect himself from hazards or dangers in his own environment. The record shows that from at least February 2017, he has been a resident at a long term, 24-hour nursing facility. After a review of all the evidence, lay and medical, the Board finds that for the entire appeal period, the Veteran is in need of the regular aid and attendance of another person as a result of service-connected disabilities. See 38 U.S.C.A. § 1114(l) (West 2015); 38 C.F.R. § 3.350(b) (3) (2016). 

Relevant factors considered in determining the need for regular aid and attendance include an inability of a claimant to dress or undress himself, or to keep himself ordinarily clean and presentable; an inability to feed himself; an inability to attend to the wants of nature; or incapacity, either physical or mental, which requires care or assistance on a regular basis to protect the claimant from hazards or dangers incident to his or her daily environment. See 38 C.F.R. § 3.352(a) (2016). A November 2011 VA authorized examination shows that the Veteran was able to self-feet, shave, use a toilet, dress, and bathe. He required an aid for ambulation such as a cane or walker. However, contemporaneous April 2011 and August 2013 examinations completed by a VA physician show that the Veteran sometimes had difficulty with feeding himself, was not able to prepare his own meals, needed assistance in bathing and tending to hygiene needs, needed assistance with medication management, and presented a very high fall risk due to rheumatoid arthritis and buckling of the knees. Hearing testimony provided by the Veteran and H.D. also identify a need for regular assistance with grooming, dressing, bathing, toileting, and to protect the Veteran from hazards of the environment such as with falls, and the Board finds that the lay testimony is credible and consistent with other evidence of record. Additionally, evidence from Silver Creek Manor shows that since at least February 2017, the Veteran was residing at a 24 hour long-trem care facility. Daily Nursing Charts show that nursing care was provided at the facility, and indicate that the Veteran requiree assistance with activities of daily living such as with transferring to or from bed or to a chair, with toileting, and he required supervision with feeding. For these reasons, the Board finds that for the entire appeal period, the weight of the evidence shows that the Veteran is in need of regular aid and attendance of another person. 

While the November 2011 VA authorized examination and April 2011 and August 2013 examinations identified the Veteran's predominant disability as being due to rheumatoid arthritis, the Veteran is also service-connected for a significant right leg disability affecting muscle group XII with incomplete paralysis of the right external popliteal nerve; a right tibia disability, status post right total knee arthroplasty; cervical spine arthritis; and left acromioclavicular joint arthritis, and effects of his service-connected arthritis and other physical disabilities have not been separated from the effects of his nonservice-connected rheumatoid arthritis. See 38 C.F.R. § 3.102 (2016); Mittleider v. West, 11 Vet. App. 181 (1998). Moreover, the examination reports specifically identify impairment related to the Veteran's service-connected cervical spine and right leg and knee in discussing his physical limitations due to rheumatoid arthritis. For example, a November 2011 VA examiner identified difficulty with weight bearing, balance, and ambulation, due to the bilateral knees, and range of motion in the cervical spine was stated to be grossly abnormal. April 2011 and August 2013 examinations also identified difficulties with balance such that it presented a high fall risk, and his restrictions were shown to involve limited range of motion in the right knee and neck as well as difficulties with find motor and upper extremity strength due to rheumatoid arthritis. 

Resolving the benefit of the doubt in favor of the Veteran, the Board finds that due to service-connected disabilities, he is in need for regular aid and attendance of another person to dress or undress himself, to keep himself ordinarily clean and presentable, to attend to the wants of nature, and to protect him from hazards or dangers incident to his daily environment. See 38 U.S.C.A. § 5107(b) (West 2016); 38 C.F.R. §§ 4.3, 4.7 (2016); see also 38 C.F.R. § 3.352(a). As the Veteran has met more than one factor set forth in VA regulations in determining the need of regular aid and attendance, the Board finds that the criteria for an award of special monthly compensation have been met. See Prejan v. West, 13 Vet. App. 444, 448 (2000); Turco v. Brown, 9 Vet. App. 222 (1996). Resolving the benefit of the doubt in favor of the Veteran, the Board finds that the weight of the evidence shows that the Veteran is in need of the regular aid and attendance of another person as a result of his service-connected disabilities. See 38 C.F.R. §§ 4.3, 4.7 (2016). 


ORDER

Entitlement to special monthly compensation based on the need for housebound status is denied.

Entitlement to special monthly compensation based on the need for aid and attendance is granted. 





____________________________________________
K. PARAKKAL
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs