Citation Nr: 1823345 
Decision Date: 04/18/18 Archive Date: 04/25/18

DOCKET NO. 13-03 182A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for alcohol abuse, to include as secondary to service-connected disability.


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M. Yuan, Associate Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from March1992 to January 1998. This matter is before the Board of Veterans' Appeals (Board) on appeal from a June 2010 rating decision of a Department of Veteran Affairs (VA) Regional Office (RO). 

An April 2015 Board decision, in pertinent part, denied service connection for alcohol abuse as precluded by law. A November 2015 Joint Motion for Remand (JMR) vacated that denial because the Board failed to address whether the Veteran's alcohol abuse was secondary to any of her service-connected disabilities. In March 2016, this matter was remanded for further development by another Veterans Law Judge (VLJ); it is now before the undersigned.


FINDINGS OF FACT

1. VA treatment records and March 2010 and November 2017 VA examination reports confirm a diagnosis of alcohol abuse.

2. In statements in support of her prior claim for (now) service-connected posttraumatic stress disorder (PTSD), the Veteran alleged that she increased her alcohol consumption to numb her feelings.

3. On March 2010 VA examination (upon which the prior grant of service connection was partially based), the examiner conceded that the symptoms, pathology, and impairment due to alcohol abuse could not be differentiated from those due to her service-connected PTSD; therefore, as a matter of law, VA is already precluded from differentiating between the two diagnoses for rating purposes. See Mittleider v. West, 11 Vet. App. 181, 182 (1998). 

4. Moreover, a January 2018 opinion from the Veteran's VA treating psychologist of roughly ten years (since September 2008) found her alcohol abuse is related to her PTSD, and the only opposing opinion in the record (from a November 2017 VA examiner) fails to actually discuss or acknowledge any of the Veteran's actual service-connected disabilities, or the questions of causation and aggravation directly, instead pointing only to the fact that the Veteran had genetic and environmental factors that contribute to her alcoholism.

5. In light of the above, the Board finds the evidence is in relative equipoise as to whether the Veteran's alcohol abuse is secondary to her service-connected PTSD.


CONCLUSION OF LAW

Service connection for alcohol abuse as secondary to service-connected PTSD is warranted. 38 U.S.C. §§ 1110, 1131, 5107 (2014); 38 C.F.R. §§ 3.102, 3.303, 3.304, 3.310 (2017).


ORDER

The appeal is granted.



____________________________________________
VICTORIA MOSHIASHWILI
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs