﻿Citation Nr: 18124197
Decision Date: 08/07/18 Archive Date: 08/06/18

DOCKET NO. 13-06 641A
DATE: August 7, 2018
ORDER
For the entire period on appeal, entitlement to a 70 percent rating, but no higher, for an acquired psychiatric disorder to include posttraumatic stress disorder (PTSD) is granted, subject to the laws and regulations governing the award of monetary benefits. 
FINDING OF FACT
For the entire period on appeal, the record evidence shows that the Veteran’s service-connected PTSD most nearly approximates occupational and social impairment with deficiencies in most areas, but does not more nearly approximate total occupational and social impairment for the period on appeal. 
CONCLUSION OF LAW
For the entire period on appeal, the criteria for an initial rating of 70 percent, but no higher, for an acquired psychiatric disorder to include PTSD are met. 38 U.S.C. §§ 1155, 5107(b) (2012); 38 C.F.R. §§ 4.1, 4.2, 4.3, 4.7, 4.21, 4.129, 4.130, Diagnostic Code 9435 (2017).
REASONS AND BASES FOR FINDING AND CONCLUSION
The Veteran served on active duty from April 1967 to September 1970. 
This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a rating decision issued in July 2011 by the Department of Veterans Affairs Regional Office (RO). 
A Notice of Disagreement was received in October 2011. In February 2013, a Statement of the Case was issued, and, in March of that year, the Veteran filed his substantive appeal (via a VA Form 9).
In August 2016 and June 2017, the Board remanded the claims on appeal for additional development and the case now returns for further appellate review. 
Increased rating for PTSD
The Veteran seeks an initial rating higher than 10 percent from December 29, 2009, and in excess of 70 percent from July 5, 2017, for his service-connected acquired psychiatric condition to include PTSD. He asserts his disability is more severe than what is represented by the currently assigned ratings.
Disability ratings are based on the average impairment of earning capacity resulting from disability. 38 U.S.C. §1155; 38 C.F.R. §4.1. Separate diagnostic codes identify the various disabilities. Where there is a question as to which of two evaluations shall be applied, the higher evaluations will be assigned if the disability more closely approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. §4.7.
The determination of whether an increased evaluation is warranted is to be based on a review of the entire evidence of record and the application of all pertinent regulations. See Schafrath v. Derwinski, 1 Vet. App. 589 (1991). Because the Veteran is appealing the initial assignment of the disability rating, the severity of the disability is to be considered during the entire period from the initial assignment of the disability rating to the present. See Fenderson v. West, 12 Vet. App. 119 (1999).
Under 38 C.F.R. § 4.130, General Rating Formula for Mental Disorders, PTSD warrants a 10 percent disability evaluation if it is productive of occupational and social impairment due to mild or transient symptoms which decrease work efficiency and ability to perform occupational tasks only during periods of significant stress, or; symptoms controlled by continuous medication.
PTSD warrants a 30 percent rating when the disorder is manifested by occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, mild memory loss (such as forgetting names, directions, recent events). 38 C.F.R. § 4.130.
A 50 percent disability evaluation is warranted if it is productive of occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect, circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short-and long-term memory (e.g. retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; and difficulty in establishing and maintaining effective work and social relationships.
A 70 percent rating contemplates occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); and inability to establish and maintain effective relationships.
“[I]n the context of a 70[%] rating, [38 C.F.R.] § 4.130 requires not only the presence of certain symptoms but also that those symptoms have caused occupational and social impairment in most of the referenced areas.” Vazquez-Claudio v. Shinseki, 713 F.3d 112, 117 (Fed. Cir. 2013). Thus, assessing whether a 70 percent evaluation is warranted requires a two-part analysis; “The... regulation contemplates [: (1)] initial assessment of the symptoms displayed by the Veteran, and if they are of the kind enumerated in the regulation [; and (2)] an assessment of whether those symptoms result in occupational and social impairment with deficiencies in most areas.” Vazquez-Claudio v. Shinseki, 713 F.3d 112, 118 (Fed. Cir. 2013).
A 100 percent rating is warranted for total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of personal hygiene); disorientation to time or place; and memory loss for names of close relatives, own occupation, or own name.
It is noted that the use of “such as” in 38 C.F.R. § 4.130 demonstrates that the symptoms after that phrase are not intended to constitute an exhaustive list, but rather are intended to serve as examples of the type and degree of the symptoms, or their effects, that would justify a particular rating. Mauerhan v. Principi, 16 Vet. App. 436 (2002). Accordingly, the evidence considered in determining the level of impairment under § 4.130 is not restricted to the symptoms provided in the Rating Schedule. Instead, VA must consider all symptoms of a Veteran’s condition that affect the level of occupational and social impairment, including, if applicable, those identified in the DSM.
The above set of symptoms is not an exclusive or exhaustive list. Rather, it serves as an example of the symptoms that would justify a total rating. Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002). The United States Court of Appeals for the Federal Circuit (Federal Circuit) in Vazquez-Claudio v. Shinseki, 713 F.3d 112, 116-117 (Fed. Cir. 2013), however, noted the “symptom-driven nature” of the General Rating Formula, and observed that “a veteran may only qualify for a given disability rating under § 4.130 by demonstrating the particular symptoms associated with that percentage, or others of similar severity, frequency, and duration.”
In its evaluation, the Board shall consider all information and lay and medical evidence that is of record. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of the matter, the Board shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107B. 
The Board has considered the entire record, including the Veteran’s VA clinical records. The Federal Circuit has held that the Board must review the entire record, but does not have to discuss each piece of evidence. Gonzales v. West, 218 F. 3d 1378 (Fed. Cir. 2000). Therefore, the Board will discuss the evidence pertinent to the rating criteria and the current disability.
The Veteran’s acquired psychiatric disorder to include PTSD is rated 10 percent from December 29, 2009, to July 4, 2017, and is rated 70 percent from July 5, 2017. 
FACTS
The evidence of record contains a May 28, 1992 VA psychology record, in which the Veteran reported that he was depressed and stressed out, would like to see psychiatrists. The Veteran reported no suicidal or homicidal ideation and a past medical history of schizoid personality disorder was noted. 
A March 1994 VA psychology record reflects that the Veteran had criticisms of the government and the war. 
A November 2008 VA Mental Health psychosocial assessment reflects that the Veteran presented with memory problems, difficulty with relationships with his children, Vietnam flashbacks 1-4 times a week, unwanted thoughts and memories of traumas, social isolation and withdrawal, and depressed mood. The assessment report indicates no suicidal ideation for at least several months, difficulty sleeping, decreased appetite, and varying energy levels. The Veteran was diagnosed with chronic major depressive disorder and PTSD. 
An October 2008 statement from the Veteran’s aunt indicates that since the Veteran returned from the war, he had a suicide attempt and appeared moody depressed, combative, and engaged in drug and alcohol use.
An October 2008 statement signed by the Veteran’s son indicates that the Veteran displayed frequent mood swings, outbursts of rage, sleepless nights, and cold sweats. 
A September 2008 group therapy report reflects that the Veteran was triggered by crowds and the sound of a cannon. An October 2008 VA treatment record reflects that the Veteran had a recent altercation with a stranger in which the Veteran did not become aggressive. 
During the Veteran’s September 2010 VA examination, the Veteran was diagnosed with PTSD. The examiner noted that the claims folder was reviewed, and that the Veteran was a poor historian. folder reviewed. The examiner noted that the Veteran had a “laughing spell” during the examination, reported irritability, difficulty falling asleep, intrusive recollection of events, and reported that his symptoms vary, at least once pert week, severity considered mild to “not severe.” The Veteran reported difficulty getting along with others, and showed no thought or communication impairment and good personal hygiene. The examiner noted that the examination findings are “barely consistent with presence of PTSD,” as the Veteran’s answers seemed “rehearsed.”
A Private medical statement dated October 18, 2011 was submitted by J.R.A., Jr., M.A. The private examiner noted that the Veteran was vague, speaking loudly, and was reticent and defensive. The examiner noted that the Veteran reexperiences traumatic events when external triggers are presented. The examiner noted tangential speech patterns, an impaired ability to abstract, and a normal affect. The examiner stated that the Veteran reports that his mood varies with medication. The Veteran reported feelings of depression 3-4 times per week, agitation around people, and denied anxiety or panic attacks. The examiner noted that the patient stated that he almost killed a woman’s son, and that he has assaulted others as well. The examiner noted that the Veteran expressed that he had ruminations about in-service trauma, daily paranoia, and stated that certain people look strange like they might be demons or evil. The examiner noted that the Veteran experiences spotty memory, problems with names, addresses, phone numbers, misplacing things, confuses one son with another son, and that familiar settings seem strange.
The private examiner noted PTSD with impairment to ability to function on and off the job, isolation, significant depression and suicidal ideation, and cognitive disorder, which may be due to early dementia or depressive pseudo dementia. 
The Veteran was afforded another VA examination in September 2017, during which he was diagnosed with occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgement, thinking, and/or mood. The Veteran reported that he was not dating, sees family during holidays, and does not get along with other people. The Veteran reported recurrent involuntary and intrusive distressing memories of the traumatic event, recurrent dreams relating to the event, psychological distress resembling event, psychological reactions to external cues, avoidance of or efforts to avoid distressing memories thoughts or feelings or reminders associated with the trauma. 
Other symptoms listed included a persistent negative emotional state, diminished interest or participation in activities, feelings of detachment or estrangement, irritable behavior, hypervigilance, exaggerated startle response, problems with concentration, sleep disturbance, anxiety, suspiciousness, memory loss, difficulty with impulse control, and intermittent inability to perform activities of daily living to include hygiene, as well as unprovoked irritability with periods of violence.
ANALYSIS 
Upon review of all the evidence of record, lay and medical, the Board finds that the Veteran’s acquired psychiatric disorder to include PTSD more nearly approximates the criteria for a 70 percent rating for the entire period on appeal.
Throughout the entire period on appeal, the Veteran’s symptoms were consistent with serious impairment in the ability to establish and maintain effective or favorable relationships with people. In this regard, the Veteran has mentioned numerous verbal altercations with others, that he is not dating, and has difficulty maintaining friendships. Furthermore, the Veteran’s son submitted a Buddy Statement, stating that the Veteran had periods of frequent mood swings, outbursts of rage, sleepless nights, and cold sweats since service, and the Veteran’s Aunt’s buddy Statement stated that the Veteran was often moody and combative since service. 
A November 2008 VA Mental Health psychosocial assessment noted that the Veteran presented with memory problems, difficulty with relationships with his children, Vietnam flashbacks 1-4 times a week, unwanted thoughts and memories of traumas, social isolation and withdrawal, and depressed mood. The report noted no suicidal ideation for at least several months, difficulty sleeping, decreased appetite, and varying energy levels. The Board finds that such symptoms show social impairment and near continuous panic or depression. The Board notes that the reported suicidal ideation did not occur during the period on appeal. 
The Board acknowledges the September 2010 VA examiner’s opinion that the Veteran’s symptoms of PTSD are considered mild to “not severe.” However, contemporaneous treatment records and Buddy Statements show that the Veteran met the criteria for a 70 percent rating, in that the Veteran’s psychiatric disorder to include PTSD manifested in symptoms of such severity that the Veteran’s ability to establish or maintain effective or favorable relationships with people was severely impaired. 
The Board also finds significant the October 2011 private examiner’s statements regarding the Veteran’s social functioning over the course of the appeal. The examiner noted PTSD with impairment of ability to function on and off the job, isolation, significant depression, and suicidal ideation. 
Moreover, according to the September 2017 VA examination report, the Veteran’s service-connected psychiatric disorder has been manifested by an overall disability picture that more nearly approximates that of deficiencies in most areas, such as work, family relations, judgment, thinking, or mood, due to such symptoms as depressed mood; anxiety; marked social isolation; near-continuous depression and anxiety affecting the ability to function independently; difficulty in adapting to stressful circumstances and an inability to establish and maintain effective relationships. 
In sum, the evidence in this case shows an overall disability picture that more nearly approximates the criteria for the assignment of a 70 percent rating. Although there were periods where the Veteran’s overall occupational functioning was not as severely impaired, the fact remains that the Veteran’s PTSD symptoms have been consistently chronic and severe during the entire appeal period. Moreover, the ability to establish and maintain effective or favorable relationships with people has always been seriously or severely impaired; and, the Veteran’s PTSD has always been manifested by symptoms of near-continuous depression and anxiety affecting the ability to function. Other symptoms such as avoidant behavior, marked social isolation, and an inability to maintain effective relationships have been demonstrated throughout the appeal period.
The evidence does not however show that the criteria for a 100 percent rating were met or approximated at any point during the course of the appeal. The Board finds that the evidence does not demonstrate total occupational and social impairment as contemplated by the applicable rating criteria.
Specifically, although the Veteran remained relatively socially isolated during this period, he mentioned that he still speaks to his daughter intermittently. Thus, despite his extreme difficulties co-existing with others, his symptoms were not totally incapacitating. 
Additionally, the only evidence of symptoms such as gross impairment in thought processes or communication, persistent delusions or hallucinations, grossly inappropriate behavior, persistent danger of hurting himself or others, an inability to perform activities of daily living, disorientation to time or place, or memory loss for names of close relatives, or for the Veteran’s own occupation or name is presented in the October 2011 private medical opinion. 
While the Board takes this information into account, the evidence presented in contemporaneous medical treatment records show that the Veteran consistently reported no suicidal or homicidal ideation during the period on appeal, and that the Veteran’s one reported suicide attempt witnessed by his Aunt, was reportedly in the 1970s, according to the Veteran. Group and individual treatment records show that the Veteran maintained adequate hygiene, and that the Veteran was appropriate. No mention of gross impairment of thought process or communication was noted in treatment notes. There is no notation that the private examiner reviewed such notes. Furthermore, the private examiner stated that the Veteran’s symptoms may be related to a cognitive disorder. The Veteran is not service connected for a cognitive disorder, and the opinion provided does not distinguish which symptomatology arises from the Veteran’s PTSD and which symptoms are related to the Veteran’s cognitive disorders that the examiner suspects. 
Additionally, the Veteran has consistently acted appropriately at all examinations. The Board notes that the Veteran had a laughing spell during the September 2010 examination and loud, defensive speech during the October 2011 private examination. However, the Board finds that this does not rise to the level of grossly inappropriate behavior. 
The Board has considered a staged rating, but finds that the totality of the evidence shows a rating of 100 percent is not warranted at any point during the period on appeal. At times the Veteran’s treatment records indicate improved symptoms, which may, in fact, warrant a lower rating than 70 percent. However, giving the Veteran the benefit of the doubt, the Board finds that a 70 percent rating is warranted for the entirety of the period on appeal. All psychiatric symptoms have been considered in reaching the above conclusion. See Mittleider v. West, 11 Vet. App. 181, 182 (1998). The statements of the Veteran and others are considered competent, credible, and probative and were considered in reaching the above determinations.

 
DEBORAH W. SINGLETON
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD L. Hoover, Associate Counsel