Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 200806-89407
DATE: August 31, 2021

ORDER

Entitlement to an initial 70 percent rating, but no higher, for posttraumatic stress disorder (PTSD) with unspecified depressive disorder is granted from June 29, 2011.

The appeal as to the issue of entitlement to an increased rating for left knee strain is dismissed. 

The appeal as to the issue of entitlement to an increased rating for right knee strain is dismissed. 

REMANDED

Entitlement to an initial rating for a lumbar and thoracic spine disability in excess of 10 percent prior to September 8, 2015, in excess of 40 percent from September 8, 2015 to July 22, 2016, in excess of 10 percent from July 22, 2016 to February 1, 2021, and in excess of 20 percent from February 1, 2021 is remanded. 

Entitlement to an initial rating for a cervical spine disability in excess of 10 percent prior to September 8, 2015, in excess of 30 percent from September 8, 2015 to July 22, 2016, in excess of 10 percent from July 22, 2016 to February 1, 2021, and in excess of 20 percent from February 1, 2021 is remanded. 

Entitlement to a total disability rating based on individual unemployability (TDIU) is remanded. 

FINDINGS OF FACT

1. The Veteran's PTSD with unspecified depressive disorder has been manifested by occupational and social impairment with deficiencies in most areas throughout the appeal period. 

2. At his January 2021 Board hearing, the Veteran explicitly, unambiguously, and with a full understanding of the consequences of such action withdrew his appeal as to an increased rating for left and right knee strain. 

CONCLUSIONS OF LAW

1. The criteria for an initial 70 percent rating, but no higher, for PTSD with unspecified depressive disorder from June 29, 2011 are met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.130, Diagnostic Code (DC) 9411.

2. The criteria for withdrawal of the appeal as to the issue of entitlement to an increased rating for left knee strain are met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

3. The criteria for withdrawal of the appeal as to the issue of entitlement to an increased rating for right knee strain are met. 38 U.S.C. § 7105; 38 C.F.R. § 20.205.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from August 2008 to June 2011. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from May 2012, January 2013, and November 2015 rating decisions of a Department of Veterans Affairs (VA) Regional Office (RO). In March 2019, the Veteran testified at a hearing before a Veterans Law Judge (VLJ). The Board remanded the claims on appeal for further development in August 2019. Thereafter, a Supplemental Statement of the Case (SSOC) was issued in July 2020. 

In August 2020, the Veteran opted-into the Appeals Modernization Act (AMA) by submitting VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) from the July 2020 SSOC, which became the decision on appeal, and elected the Hearing option. The Veteran testified at a hearing before the undersigned VLJ in January 2021. Accordingly, the Board may consider the evidence of record at the time of the July 2020 SSOC, as well as any evidence submitted by the Veteran or his representative at the hearing or within 90 days following the January 22, 2021 hearing.

Notably, during the pendency of this appeal, a May 2021 rating decision increased the Veteran's back and neck disability ratings to 20 percent each, both effective February 1, 2021. Thus, the issues have been recharacterized accordingly.

1. Entitlement to an initial 70 percent rating, but no higher, for PTSD with unspecified depressive disorder is granted from June 29, 2011.

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities, found in 38 C.F.R., Part 4. The percentage ratings represent, as far as can practicably be determined, the average impairment in earning capacity in civil occupations. 38 U.S.C. § 1155. The disability must be viewed in relation to its history. 38 C.F.R. § 4.1. If two disability ratings are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Reasonable doubt as to the degree of disability will be resolved in favor of the claimant. 38 C.F.R. § 4.3.

The Veteran's psychiatric disorder is currently rated at 50 percent disabling pursuant to 38 C.F.R. § 4.130, DC 9411, which is rated under the General Rating Formula for Mental Disorders. A 70 percent rating is assigned when there is occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); inability to establish and maintain effective relationships. 

A 100 percent rating is warranted for total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. 38 C.F.R. § 4.130, DC 9411. 

When determining the appropriate disability evaluation to assign, the Board's primary consideration is a veteran's symptoms, but it must also make findings as to how those symptoms impact a veteran's occupational and social impairment. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 118 (Fed. Cir. 2013).

Initially, the Board notes that the Veteran is also diagnosed with nonservice-connected anxiety disorder. See August 2015 VA examination report. As the evidence of record does not sufficiently distinguish the symptoms of this disorder from his service-connected PTSD with unspecified depressive disorder, the instant discussion attributes all the Veteran's mental health symptoms to his PTSD with unspecified depressive disorder. Mittleider v. West, 11 Vet. App. 181, 182 (1998). 

Upon review of the totality of the record, the Board finds that a higher rating of 70 percent is warranted for the Veteran's PTSD with unspecified depressive disorder throughout the entire appeal period, effective June 29, 2011. This is based on symptoms such as impaired impulse control, anger, constant irritability and temper problems, panic attacks, chronic suicidal ideation, anxiety, depressed mood, obsessional rituals (checking and locking every door), and hypervigilance. See August 2012, July 2016, and August 2019 VA examination reports, May 2016 private examination report; see also Bankhead v. Shulkin, 29 Vet. App. 10 (2017) ("the presence of suicidal ideation alone, that is, a veteran's thoughts of his or her own death or thoughts of engaging in suicide-related behavior, may cause occupational and social impairment with deficiencies in most areas.").

The Veteran reported that he set up boobytraps near his bedroom and slept with a gun and knife because he felt vulnerable and stated that he even brought a gun with him to the bathroom since he was also vulnerable there. See January 2021 Board Hearing Transcript (Tr.) at 8-9. He indicated losing his temper easily over minor events and that he struggled to control his anger. See July 2014 and October 2014 VA treatment records. He also reported worsening angry outbursts, stating that he used to get into verbal confrontations but is prone to violence now, as he has started to break things and punch walls when angry. See August 2012 VA examination report and March 2019 Board Hearing Tr. at 20. The Veteran endorsed periodic morbid ruminations as well as symptoms of prolonged sadness, intermittent tearfulness and crying, isolation, decreased memory and concentration, helplessness and hopelessness. See August 2012 VA examination report and May 2016 private examination report. Such symptoms support an award of a 70 percent rating for the entire appeal period. While VA examiners found that the Veteran's social and occupational functioning was mildly impaired, this finding is in conflict with other, more severe symptoms such as suicidal ideation, obsessional rituals, as well as significant anger and irritability noted in the record and his lay statements, and the Board affords the Veteran the benefit of the doubt in this regard. 

A higher, 100 percent rating is not warranted at any point during the period on appeal because the Veteran has never demonstrated total occupational and social impairment or symptoms of similar severity, frequency, or duration as to those contemplated by the 100 percent criteria. There have been no deficiencies identified in the Veteran's communication, nor has there been any indication of disorientation, hallucinations, or grossly inappropriate behavior, and the Veteran has never reported memory loss of the severity contemplated by a 100 percent rating. Although suicidal ideation and violence was endorsed, the Veteran has consistently denied any intent or attempts of hurting himself or others; thus, the evidence does not demonstrate a persistent danger of the Veteran hurting himself or others. Moreover, while the Veteran reported delusions when trying to fall asleep, stating that he hears things at night and thinks it is something that it is not, they are not of the severity, frequency or duration to warrant the 100 percent rating, and the record indicates they are more likely symptoms related to hypervigilance or chronic sleep impairment rather than hallucinations or delusions, and examiners have never found the Veteran to have hallucinations or delusions. There are no other symptoms throughout the appeal period reflective of total social impairment. Therefore, a rating higher than 70 percent is not warranted.

2. The appeal as to the issue of entitlement to an increased rating for left knee strain is dismissed. 

3. The appeal as to the issue of entitlement to an increased rating for right knee strain is dismissed. 

The Board may dismiss any appeal that fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105. An appeal may be withdrawn as to any or all issues involved in the appeal at any time before the Board promulgates a decision. 38 C.F.R. § 20.205. Withdrawal may be made by the appellant or by his or her authorized representative on the record at a hearing. 

In the present case, the Veteran, through his attorney, withdrew his appeal as to the issues of entitlement to an increased rating for left and right knee strain on the record at his January 2021 Board hearing. See Board Hearing Tr. at 2. Accordingly, he has withdrawn the appeal as to these issues and, hence, there remains no allegation of error of fact or law for appellate consideration. 38 U.S.C. § 7105; 38 C.F.R. § 20.205. Accordingly, the Board does not have jurisdiction to review the appeal on these issues and they are dismissed.

REASONS FOR REMAND

4. Entitlement to an initial rating for a lumbar and thoracic spine disability in excess of 10 percent prior to September 8, 2015, in excess of 40 percent from September 8, 2015 to July 22, 2016, in excess of 10 percent from July 22, 2016 to February 1, 2021, and in excess of 20 percent from February 1, 2021 is remanded. 

5. Entitlement to an initial rating for a cervical spine disability in excess of 10 percent prior to September 8, 2015, in excess of 30 percent from September 8, 2015 to July 22, 2016, in excess of 10 percent from July 22, 2016 to February 1, 2021, and in excess of 20 percent from February 1, 2021 is remanded. 

Remand is necessary, as the September 2019 VA examiner did not provide a valid explanation as to why he could not estimate the resulting additional functional loss during a flare-up in degree of range of motion, as required by Sharp v. Shulkin, 29 Vet. App. 26, 33 (2017). Therefore, the Board finds that there has been a pre-decisional duty to assist error warranting an addendum opinion on remand. 

6. Entitlement to a TDIU is remanded. 

Action on this inextricably intertwined claim is deferred pending the above development and must be remanded as well. See Harris v. Derwinski, 1 Vet. App. 180, 183 (1991) (holding that where a claim is inextricably intertwined with another claim, the claims must be adjudicated together in order to enter a final decision on the matter). 

The matters are REMANDED for the following action:

Obtain an addendum opinion from an examiner other than the September 2019 VA examiner, preferably an orthopedic physician, to determine the nature of the Veteran's back and neck disabilities during a flare-up. The claims file should be made available to the examiner. No additional examination of the Veteran is necessary, unless the examiner indicates otherwise.

Following a review of the claims file, to specifically include the July 2012 and September 2019 VA examination reports, the January 2021 Board Hearing Transcript, and the Veteran's description of flare-ups therein, the examiner should provide an opinion describing functional impairments of the Veteran's back and neck due to flare-ups, accounting for pain, incoordination, weakened movement, and excess fatigability on use, and, to the extent possible, report such impairment in terms of additional degrees of limitation of motion. If unable to provide such an opinion without resorting to speculation, please provide a rationale for this conclusion, with specific consideration of the instructions in the VA Clinician's Guide to estimate, "per [the] veteran," what extent, if any, flare-ups affect functional impairment. The examiner must include a discussion of any specific facts that cannot be determined if unable to opine without speculation (e.g. lack of sufficient information/evidence, the limits of medical knowledge, etc.). Noting that the Veteran was not examined during a flare-up will not suffice. A complete rationale shall be given for all opinions and conclusions expressed.

 

 

S. BUSH

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board S.S. Mahoney

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.