Citation Nr: 1719243 
Decision Date: 05/31/17 Archive Date: 06/06/17

DOCKET NO. 09-20 450 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to a compensable disability rating for residuals of a fractured nose.


ATTORNEY FOR THE BOARD

P. E. Metzner, Associate Counsel












INTRODUCTION

The Veteran served on active duty from March 1955 to June 1958. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a February 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Columbia, South Carolina. Jurisdiction currently resides with the RO in Cleveland, Ohio. 

In a March 2012 rating decision, the RO granted a total disability rating based on individual unemployability (TDIU). In a January 2017 decision, the Board denied increased disability ratings for degenerative changes of the lumbar spine and radiculopathy of the lower extremities. As such, these issues are no longer before the Board. In January 2017, the Board also most recently remanded the current matter for a new VA examination. The RO has since complied with the Board's directives, and this matter is once again before the Board. Stegall v. West, 11 Vet. App. 268 (1998). This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

At no time during the appeal have the service-connected residuals of a fractured nose been manifested by 50 percent obstruction of the nasal passage on both sides or complete obstruction on one side.


CONCLUSION OF LAW

For the entire period on appeal, the criteria for a compensable disability rating for residuals of a fractured nose have not been met. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1-4.7, 4.20, 4.97, Diagnostic Code (DC) 6502 (2016).

REASONS AND BASES FOR FINDING AND CONCLUSION

Duties to Notify and Assist

VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016). The duty to notify has been met. See July 2008 VCAA letter. The Veteran's appeal was most recently readjudicated in February 2017. Neither the Veteran, nor his representative, has alleged prejudice with regard to notice. The United States Court of Appeals for the Federal Circuit has held that "absent extraordinary circumstances...it is appropriate for the Board and the Veterans Court to address only those procedural arguments specifically raised by the veteran...." See Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). In light of the foregoing, nothing more is required. 

The Board also finds that he has been afforded adequate assistance. His pertinent service treatment records are of record. VA Medical Center and private treatment records have been obtained. He has been provided appropriate VA examinations, which are found to be adequate. The Veteran has not challenged the adequacy of the examinations of record nor identified any outstanding evidence, to include medical records, which could be obtained to substantiate the claim. The Board is also unaware of any outstanding evidence. 

As there is no indication that any failure on the part of VA to provide additional notice or assistance reasonably affects the outcome of this claim, the Board finds that any such failure is harmless. Mayfield v. Nicholson, 19 Vet. App. 103 (2005), rev'd on other grounds, Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006).

Residuals of a Fractured Nose

Disability ratings are determined by the application of the VA's Schedule for Rating Disabilities. 38 C.F.R. Part 4 (2016). The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and their residual conditions in civil occupations. 38 U.S.C.A. § 1155 (West 2014); 38 C.F.R. §§ 3.321(a), 4.1 (2016).

It is not expected, especially with the more fully described grades of disabilities, that all cases will show all the findings specified. Findings sufficiently characteristic to identify the disease and the disability are sufficient. Above all, a coordination of rating with impairment of function will be expected in all cases. 38 C.F.R. § 4.21 (2016). Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7 (2016).

Rating of the same disability under various diagnoses is to be avoided. However, that does not preclude the assignment of separate ratings for separate and distinct symptomatology where none of the symptoms justifying a rating under one diagnostic code is duplicative of or overlapping with the symptoms justifying a rating under another diagnostic code. 38 C.F.R. § 4.14 (2016); Esteban v. Brown, 6 Vet. App. 259 (1994). 

The rating schedule authorizes the assignment of a noncompensable rating where the rating schedule does not provide such an evaluation and the requirement for a compensable evaluation has not been met. 38 C.F.R. § 4.31. Here, the RO has rated the Veteran's service-connected residuals of a nose fracture under DC 6502 (for traumatic deviated nasal septum). Deviation of nasal septum warrants a 10 percent rating when there is 50-percent obstruction of the nasal passage on both sides or complete obstruction on one side. 38 C.F.R. § 4.97, DC 6502. 

Currently, the Veteran is in receipt of a noncompensable disability rating for his service-connected residuals of a nose fracture throughout the rating period on appeal. He contends that a compensable rating is warranted due to his trouble breathing. See May 2009 VA Form 9. Nevertheless, the Board finds that the weight of the evidence is against the assignment of a compensable rating for this disability. Namely, the evidence does not demonstrate 50 percent obstruction of the nasal passage on both sides or complete obstruction on one side. 
Upon VA examination in January 2008, the Veteran stated that he had interference with breathing through the left naris. However, he showed only very mild septal deviation to the left. There was no scarring or deformity of the nose, and there was no obstruction partial or complete of either nostril. X-rays showed no significant deformity, and there was no impairment in his ability to obtain employment. 

At a February 2012 VA examination, the Veteran again stated he had interference with breathing through the left naris. Nevertheless, the findings were identical to those from the January 2008 VA examination. Chiefly, there were no pertinent findings related to his mild septal deviation, and there was not at least 50 percent obstruction of the nasal passage on either side, nor was there complete obstruction on one side. 

At a May 2016 VA examination, the examiner indicated that the Veteran had pertinent physical findings, complications, conditions, signs, or symptoms related to his residuals of a fractured nose. She also found no evidence of loss of part of the nose or other scars causing disfigurement. She concluded that the Veteran's residuals of a fractured nose did not impact his ability to work. As previously discussed in the January 2017 Board decision, the examiner failed to opine as to whether the Veteran's disability resulted in obstruction of the nasal passages. Therefore, this opinion is entitled to little probative value. 

Consequently, the Veteran was afforded another VA examination in February 2017. At that time, he reported that since his nasal bone fracture, he has had trouble breathing through his nose and that his problems were worse in the winter months. The examiner found that the Veteran had a traumatic deviated nasal septum. However, there were no pertinent findings related to his deviated nasal septum, and the examiner concluded that there was not at least 50 percent obstruction of the nasal passage on either side, nor was there complete obstruction on either side. Indeed, no significant diagnostic test findings and/or results were shown. The examiner opined that there was no impact on the Veteran's ability to work. 

In light of the foregoing, the Board finds that the criteria for a compensable rating under DC 6502 have not been met. Specifically, the competent and credible evidence of record does not demonstrate that the residuals of the Veteran's nose fracture have resulted in 50 percent obstruction of the nasal passage on both sides or complete obstruction on one side. 

The Board acknowledges the Veteran is competent to report the trouble breathing through his nose. Layno v. Brown, 6 Vet. App. 465, 469 (1994); Jandreau v. Nicholson, 492 F.3d. 1372 (2007); see Buchanan v. Nicholson, 451 F. 3d 1331 (Fed. Cir. 2006). However, even if the Veteran's difficulty breathing had resulted from a nasal obstruction, VA examiners have reliably found that he does not have at least 50 percent obstruction of both nasal passages and that he does not have complete obstruction in any one nasal passage. Therefore, this evidence does not support a higher (compensable) rating. 

The Board has also considered the applicability of DC 6504, pertaining to loss of part of, or scars of, the nose. 38 C.F.R. § 4.97, DC 6504. However, a higher (compensable) rating for the current service-connected disability is not available under DC 6504, as VA examinations showed the Veteran did not have scarring or obvious disfigurement, or loss of a portion, of his nose. 

Accordingly, the Board finds that the preponderance of the evidence is against a finding that the criteria for a compensable evaluation for the Veteran's service-connected residuals of a nose fracture have been met. As the preponderance of the evidence is against the claim, the benefit-of-the-doubt doctrine does not apply, and the claim for a higher (compensable) rating must be denied. 38 U.S.C.A. § 5107(b) (West 2014); Gilbert v. Derwinski, 1 Vet. App 49, 55-57 (1990).

Extraschedular Consideration

Ordinarily, the VA Schedule will apply unless there are exceptional or unusual factors which would render application of the schedule impractical. See Fisher v. Principi, 4 Vet. App. 57, 60 (1993). In such a case, the Board will consider whether the Veteran is entitled to a greater level of compensation based on extraschedular considerations. Particularly, the application of an extraschedular disability rating is based upon a finding that the case presents such an exceptional or unusual disability picture with such related factors as marked interference with employment or frequent periods of hospitalization that would render impractical the application of the regular schedular standards. 38 C.F.R. § 3.321(b)(1) (2016). 

Under Thun v. Peake, 22 Vet App 111 (2008), there is a three-step inquiry for determining whether a veteran is entitled to an extraschedular rating. First, the Board must determine whether the evidence presents such an exceptional disability picture that the available schedular evaluations for that service-connected disability are inadequate. Second, if the schedular evaluation does not contemplate the Veteran's level of disability and symptomatology and is found inadequate, the Board must determine whether the Veteran's disability picture exhibits other related factors such as those provided by the regulation as "governing norms." Third, if the rating schedule is inadequate to evaluate a veteran's disability picture and that picture has attendant thereto related factors such as marked interference with employment or frequent periods of hospitalization, then the case must be referred to the Under Secretary for Benefits or the Director of the Compensation and Pension Service to determine whether, to accord justice, the Veteran's disability picture requires the assignment of an extraschedular rating.

With respect to the first prong of Thun, the evidence in this case does not show such an exceptional disability picture that the available schedular evaluations for the service-connected residuals of a nose fracture are inadequate. A comparison between the level of severity and symptomatology of the Veteran's fractured nose residuals with the established criteria shows that the rating criteria reasonably describe his disability level and symptomatology. In pertinent part, the Board acknowledges the Veteran's statements regarding his trouble breathing through his nose. However, the Board notes that the ratings criteria adequately account for difficulty breathing by considering the percentage of obstruction of the nasal passages. As such, an extraschedular evaluation is not warranted. 

Under Johnson v. McDonald, 762 F.3d 1362 (Fed. Cir. 2014), a veteran also may be awarded an extraschedular rating based upon the combined effect of multiple conditions in an exceptional circumstance where evaluation of the individual conditions fails to capture all the symptoms associated with service-connected disabilities experienced. In this case, however, even after affording the Veteran the benefit of the doubt under Mittleider v. West, 11 Vet. App. 181 (1998), there is no additional impairment that has not been attributed to a specific service-connected disability. Accordingly, this is not an exceptional circumstance in which extraschedular consideration may be required to compensate the Veteran for disability that can be attributed only to the combined effect of multiple conditions.


ORDER

Entitlement to a compensable disability rating for residuals of a fractured nose is denied.




____________________________________________
THERESA M. CATINO
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs