﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/30/19

DOCKET NO. 190311-4402
DATE: October 31, 2019

ORDER

Entitlement to a rating in excess of 70 percent for posttraumatic stress disorder (PTSD) is denied.

Entitlement to service connection for plantar fasciitis is denied.

Entitlement to service connection for sleep apnea is denied.

FINDINGS OF FACT

1. At no time during the appeal period has the Veteran’s PTSD resulted in total social and occupational impairment.

2. The Veteran’s plantar fasciitis did not have its clinical onset in service and is not otherwise related to service.

3. The Veteran has not been diagnosed with sleep apnea.

CONCLUSIONS OF LAW

1. The criteria for a rating in excess of 70 percent for PTSD are not met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.7, 4.130, Diagnostic Code (DC) 9411.

2. The criteria for entitlement to service connection for plantar fasciitis are not met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303. 

3. The criteria for entitlement to service connection for sleep apnea are not met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Army from September 2005 to April 2009 and from March 2012 to September 2012. 

This case comes before the Board of Veterans’ Appeals (Board) on appeal from February 2019 and March 2019 rating decisions of a Department of Veterans Affairs (VA) Regional Office (RO). The Veteran timely appealed these rating decisions to the Board and selected the Direct Review option in March 2019. Accordingly, the Board’s current review is limited to the evidence of record at the time of the Agency of Original Jurisdiction’s (AOJ) February 2019 and March 2019 rating decisions.

1. Entitlement to a rating in excess of 70 percent for PTSD is denied.

Disability ratings are determined by applying the criteria set forth in the VA Schedule for Rating Disabilities, found in 38 C.F.R., Part 4. The percentage ratings represent, as far as can practicably be determined, the average impairment in earning capacity in civil occupations. 38 U.S.C. § 1155. The disability must be viewed in relation to its history. 38 C.F.R. § 4.1. If two disability ratings are potentially applicable, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Reasonable doubt as to the degree of disability will be resolved in favor of the claimant. 38 C.F.R. § 4.3.

The Veteran’s PTSD is currently rated at 70 percent pursuant to 38 C.F.R. § 4.130, DC 9411, which is under the General Rating Formula for Mental Disorders. Under DC 9411, a 70 percent rating is assigned when there is occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); inability to establish and maintain effective relationships. 38 C.F.R. § 4.130, DC 9411.

A 100 percent rating is warranted if there is total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Id.

When determining the appropriate disability evaluation to assign, the Board’s primary consideration is a veteran’s symptoms, but it must also make findings as to how those symptoms impact a veteran’s occupational and social impairment. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 118 (Fed. Cir. 2013); Mauerhan v. Principi, 16 Vet. App. 436, 442 (2002).

By way of background, a January 2012 rating decision awarded service connection for PTSD and assigned a 30 percent rating, effective October 11, 2011. An October 2014 rating decision increased the rating to 70 percent, effective January 16, 2014. The current appeal period before the Board begins on November 14, 2018, the date VA received the Veteran’s increased rating claim, plus the one-year “look back” period. Gaston v. Shinseki, 605 F.3d 979, 982 (Fed. Cir. 2010).

Initially, the Board notes that the Veteran is also diagnosed with nonservice-connected unspecified depressive disorder. See October 2018 VA treatment record. The evidence of record does not sufficiently distinguish the symptoms of this disorder from his service-connected PTSD. Thus, the Board’s instant discussion attributes all the Veteran’s mental health symptoms to his PTSD. Mittleider v. West, 11 Vet. App. 181, 182 (1998). 

Upon review of the totality of the record, the Board finds that the preponderance of the evidence is against a finding that a rating in excess of 70 percent is warranted at any point during the appeal. The evidence of record does not show, or approximate, total social and occupational impairment and the Veteran has never demonstrated symptoms of similar severity, frequency, or duration as to those contemplated by the 100 percent criteria. In this regard, while there is an indication of impaired impulse control, angry outbursts, and road rage, the Veteran reports that he separates himself and isolates in order to avoid uncontrolled confrontation and that his last episode of physical aggression was about two years ago when he punched a wall. See January 2019 VA examination report. Thus, while the Veteran struggles with transient and intermittent periods of anger, the Board finds that his symptoms do not correlate with impaired impulse control sufficient to warrant a higher evaluation. Moreover, any current social impairments, to include his limited social relationships and difficulty interacting with other individuals, are adequately considered by his currently assigned 70 percent rating. 

Furthermore, the evidence does not show a history of grossly inappropriate behavior or persistent danger of hurting self or others, and VA treatment records consistently reflect normal thought content and processes, as well as good insight and judgment. Also, there has been no indication of disorientation, delusions, or hallucinations, and the Veteran has never reported memory loss of the severity contemplated by a 100 percent rating (e.g., memory loss for names of close relatives, own occupation, or own name). Instead, the evidence shows normal speech and communication skills, as well as cooperative behavior. The Veteran always appeared to be clean and well groomed, and he was always oriented. See January, April, July, October 2018, and January 2019 VA treatment records; see also January 2019 VA examination report.

The Board acknowledges intermittent reports of suicidal ideation. Notably, the Court has held that suicidal ideation, alone, may warrant a 70 percent rating. See Bankhead v. Shulkin, 29 Vet. App. 10, 19-20 (2017). However, the Veteran is already rated 70 percent and the evidence supports a finding the suicidal ideation is intermittent in nature, as it was endorsed only once during the appeal period and the Veteran has consistently denied any intent or attempts of hurting himself. As such, the Veteran’s suicidal ideation is not consistent with an increased 100 percent rating.

There are no other symptoms throughout the appeal period reflective of total social and occupational impairment and the Board finds that the Veteran’s PTSD symptoms have been manifested by no more than occupational and social impairment with deficiencies in most areas and are characteristic of the criteria considered by a 70 percent disability rating. Therefore, a rating higher than 70 percent is not warranted at any time during the appeal period. 

Service Connection

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. 38 U.S.C. § 1110; 38 C.F.R. § 3.303(a). Establishing service connection generally requires evidence of (1) a current disability; (2) an in-service incurrence or aggravation of a disease or injury; and (3) a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163 (Fed. Cir. 2004).

VA is obliged to provide an examination or obtain a medical opinion in a claim for service connection when the record contains competent evidence that the claimant has a current disability or signs and symptoms of a current disability, the record indicates that the disability or signs and symptoms of disability may be associated with active service, and the record does not contain sufficient information to make a decision on the claim. 38 U.S.C. § 5103A(d); McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

The Board notes that the Veteran has not been afforded a VA examination for his claimed plantar fasciitis and sleep apnea and an opinion as to the etiologies of such conditions have not otherwise been obtained. In this instance, there is no indication that the Veteran’s feet or sleep disabilities may be associated with his military service or a service-connected disability. Further, the Veteran has not provided credible evidence of any in-service event, injury or disease, or any competent medical evidence that these conditions may be related to any incidence of service or a service-connected disability. Thus, a VA examination with respect to such conditions are not required. See McLendon, 20 Vet. App. at 83.

2. Entitlement to service connection for plantar fasciitis is denied.

Here, the presence of a current disability is not in dispute, as the AOJ found that the Veteran has a current diagnosis of plantar fasciitis. See July 2018 VA treatment record. Thus, the first element of service connection is established. 

Turning to the second element, in-service incurrence of a disease or injury, the Veteran does not report, nor do his service treatment records identify any complaints, treatment for, or diagnosis of, feet problems or symptoms indicative of the same. Moreover, at service separation from his first period of service, clinical evaluation of the feet was normal in February 2009, and the Veteran reported having ailments that did not include problems associated with his feet. As such, element two is not met, and the claim fails on this basis alone.

Regarding the final element, a nexus to service is also not established, as there is no competent evidence of record linking the Veteran’s plantar fasciitis to military service. To the extent that the Veteran relates his plantar fasciitis to service, the Board finds that he is not competent to do so, as the determination as to the etiology of such a disability is a complex medical question that is beyond the ken of a layperson. Jandreau v. Nicholson, 492 F.3d 1372, 1376-77 (Fed. Cir. 2007). 

Accordingly, the preponderance of the evidence is against the claim of entitlement to service connection for plantar fasciitis. As such, the benefit of the doubt doctrine is not for application, and service connection must be denied. See 38 U.S.C. § 5107(b).

3. Entitlement to service connection for sleep apnea is denied.

Upon review of the evidence, the Board finds that service connection for sleep apnea is not warranted, as the competent evidence of record demonstrates that the Veteran has not been nor is currently diagnosed with sleep apnea at any point just prior to or during the appeal period beginning in November 2018. 

Accordingly, the preponderance of the evidence is against the Veteran’s claim of service connection for sleep apnea. To the extent the Veteran asserts that he has sleep apnea, while he is competent to report symptoms such as trouble sleeping, he is not competent to diagnose sleep apnea, as such a diagnosis is based upon a diagnostic sleep study. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Thus, as the first element of service connection is not met at any point during or just prior to the appeal period, the claim fails on this basis alone. See Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992) (in the absence of proof of present disability there can be no successful claim); see also Degmetich v. Brown, 104 F.3d 1328 (1997) (also interpreting 38 U.S.C. § 1131 as requiring the existence of a present disability for VA compensation purposes).

 

 

M. MCPHAULL

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S.S. Mahoney

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.