Citation Nr: AXXXXXXXX
Decision Date: 10/29/21 Archive Date: 10/29/21

DOCKET NO. 210610-165367
DATE: October 29, 2021

ORDER

Entitlement to an initial rating of 50 percent, but no higher, for depression is granted.

REMANDED

Entitlement to a total disability rating based on individual unemployability (TDIU) is remanded.

FINDING OF FACT

The Veteran's depression is manifested by occupational and social impairment with reduced reliability and productivity. It was not manifested by occupational and social impairment in most areas or total occupational and social impairment.

CONCLUSION OF LAW

The criteria for an initial disability rating of 50 percent, but no higher, for depression have been met. 38 U.S.C. §§ 1155, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.159, 4.1, 4.3, 4.7, 4.126, 4.130, Diagnostic Code 9434.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from June 1950 to July 1954.

The rating decision on appeal was issued in May 2021. The Veteran timely appealed this rating decision to the Board of Veterans' Appeals (Board) and requested a Board hearing. See June 2021 VA Form 10182.

A Board hearing was held in August 2021. A transcript is of record. At his hearing, the Veteran waived the remainder of the 90-day period to submit evidence.

When, as here, a Veteran seeks an increased evaluation, it will generally be presumed that the maximum benefit allowed by law and regulation is sought, and it follows that such a claim remains in controversy where less than the maximum benefit available is awarded. See AB v. Brown, 6 Vet. App. 35, 38 (1993). 

Disability ratings are determined by applying a schedule of ratings that is based on average impairment of earning capacity. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155; 38 C.F.R., Part 4. Each disability must be viewed in relation to its history and the limitation of activity imposed by the disabling condition should be emphasized. 38 C.F.R. § 4.1. 

Where, as here, the question to consider is the propriety of the initial evaluation assigned, consideration of the medical evidence since the effective date of the award of service connection and consideration of the appropriateness of a "staged" rating are required. See Fenderson v. West, 12 Vet. App. 199, 125-26 (1999). The Board will consider whether separate ratings may be assigned for separate periods of time based on facts found, a practice known as "staged ratings," whether it is an initial rating case or not. See Hart v. Mansfield, 21 Vet. App. 505, 509-10 (2007). 

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. 

Importantly, the evaluation of the same disability under various diagnoses is to be avoided. 38 C.F.R. § 4.14. However, when it is not possible to separate the effects of the service-connected disability from a nonservice-connected condition, such signs and symptoms must be attributed to the service-connected disability. Mittleider v. West, 11 Vet. App. 181, 182 (1998); 38 C.F.R. § 3.102.

The rating criteria provide that a 30 percent evaluation is warranted for occupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks (although generally functioning satisfactorily, with routine behavior, self-care, and conversation normal), due to such symptoms as: depressed mood, anxiety, suspiciousness, panic attacks (weekly or less often), chronic sleep impairment, mild memory loss (such as forgetting names, directions, recent events). 38 C.F.R. § 4.130.

A 50 percent rating is warranted for occupational and social impairment with reduced reliability and productivity due to such symptoms as: flattened affect; circumstantial, circumlocutory, or stereotyped speech; panic attacks more than once a week; difficulty in understanding complex commands; impairment of short-and long-term memory (e.g., retention of only highly learned material, forgetting to complete tasks); impaired judgment; impaired abstract thinking; disturbances of motivation and mood; difficulty in establishing effective work and social relationships. Id.

A 70 percent rating is warranted for occupational and social impairment, with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood, due to such symptoms as: suicidal ideation; obsessional rituals which interfere with routine activities; speech intermittently illogical, obscure, or irrelevant; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a work-like setting); inability to establish and maintain effective relationships. Id.

A 100 percent rating is warranted for total occupational and social impairment, due to such symptoms as: gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; memory loss for names of close relatives, own occupation, or own name. Id.

When evaluating a mental disorder, the rating agency shall consider the frequency, severity, and duration of psychiatric symptoms, the length of remissions, and the Veteran's capacity for adjustment during periods of remission. The rating agency shall assign an evaluation based on all the evidence of record that bears on occupational and social impairment, rather than solely on the examiner's assessment of the level of disability at the moment of the examination. When evaluating the level of disability from a mental disorder, the rating agency will consider the extent of social impairment, but shall not assign an evaluation solely on the basis of social impairment. 38 C.F.R. § 4.126. 

Although the Veteran's symptomatology is the primary consideration, the Veteran's level of impairment must be in "most areas" applicable to the relevant percentage rating criteria. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 116-19 (Fed. Cir. 2013). 

Considering all relevant evidence, the Board finds that an initial disability rating of 50 percent, but no higher, for the Veteran's service-connected depression is warranted. The Veteran has exhibited occupational and social impairment with reduced reliability and productivity, with symptoms such as memory loss and sleep impairment. 

The March 2021 examination report noted a depressed mood, disturbances in motivation and mood, and impairment in memory and centration. The March 2021 DBQ submitted by the Veteran noted daily depression and anxiety, chronic sleep impairment, memory loss such as losing house keys, flattened affect, disturbances of motivation and mood, and difficulty establishing relationships and adapting to stressful circumstances. The April 2021 examination report noted depressed mood, chronic sleep impairment, disturbances of motivation and mood, that the Veteran sleeps 3 hours a night, that he gets help from others for tasks as getting groceries, and that he has concentration problems. The Veteran also stated that he could not hold a job and is irritable and short tempered. See August 2021 Board Hearing Tr. at 5. 

Nevertheless, medical records reflect that the Veteran's thought process and communication skills were within normal limits. The record does not demonstrate persistent delusions or hallucinations. The Veteran does not exhibit inappropriate behavior or suicidal ideation. The Veteran does not have alcohol or substance abuse issues. The Veteran is able to function and complete daily living activities. Additionally, the Veteran exhibited normal orientation, hygiene, appearance, thought content and process, while showing adequate insight and judgment. 

While the Veteran did exhibit some symptoms contemplated in occupational and social impairment with deficiencies in most areas, the symptomatology is not of sufficient severity, frequency, and duration to result in a rating higher than 50 percent. Hence, the criteria for a finding of a 70 or 100 percent evaluation are not met.

Based upon Hart v. Mansfield, 21 Vet. App. 505, 509-10 (2007), the Board has also considered whether staged ratings are appropriate. Since, however, the Veteran's symptoms have remained constant at 50 percent levels for his depression, staged ratings are not warranted. 

Thus, the Board finds that the criteria for an initial disability rating of 50 percent, but no higher, are met. See Gilbert v. Derwinski, 1 Vet. App. 49, 55-57 (1990); 38 C.F.R. § 3.102.

REASONS FOR REMAND

When answering whether the Veterans depression impacts his job, the Veteran stated that he could not handle a job. See August 2021 Board Hearing Tr. at 5. Therefore, the Board finds entitlement to TDIU has been raised. 

The Veteran previously worked as a local pick-up and delivery truck driver. See March 2021 examination report. 

The Veteran stated that he missed information as meeting dates and times due to his service-connected hearing loss. See February 2021 Veteran statement. The Veteran has difficulty with establishing relationships and gets irritable. Most importantly, the Veteran has memory loss and concentration issues that makes the Veteran forget items such as his keys. Being a delivery driver would require the Veteran to have attention to detail while driving, having good memory of routes and package information, and require that the Veteran be courteous to patrons and follow spoken instructions. However, the Veteran's mental health issues and hearing problems would greatly impact the Veteran's performance in a delivery driver capacity. 

The Veteran currently does not meet the schedular criteria for TDIU. The Board is prohibited from awarding extraschedular TDIU in the first instance. Wages v. McDonald, 27 Vet. App. 233, 235-39 (2015). Accordingly, remand is required to refer consideration of extraschedular TDIU to the Director of the Compensation Service. See 38 C.F.R. § 2.802(a).

The matter is REMANDED for the following action:

(Continued on the next page)

 

Refer the Veteran's claim for entitlement to TDIU to the Director of the Compensation Service for extraschedular consideration of entitlement to TDIU.

 

 

DONNIE R. HACHEY

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Zheng, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.